ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Facsimile: (212) 682-4942
Allen G. Kadish
Harrison H.D. Breakstone
Email: akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Special Litigation Counsel for*
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*

Hearing Date: June 5, 2018 at 10:00 am
Plaintiff's Objection Date: May 29, 2018
Defendant's Reply Date: June 1, 2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                                    Chapter 7

MUNDO LATINO MARKET INC.,                         Case No. 16-11349 (SMB)

                Debtor.

-------------------------------------------------------------x

ROBERT L. GELTZER, as                                 Adv. Pro. No. 18-01013 (SMB)
Chapter 7 Trustee of
Mundo Latino Market Inc.,

                Plaintiff,

      v.

KATHRYN L. BEDKE,

                Defendant.

-------------------------------------------------------------x

**TRUSTEE'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 2

BACKGROUND ................................................................................................................... 2

SUMMARY OF THE TRUSTEE'S COMPLAINT ................................................................ 3

LEGAL ANALYSIS .............................................................................................................. 4

    A.    The Standard on a Motion to Dismiss ...................................................................... 4

    B.    Breach of Fiduciary Duty .......................................................................................... 5

    C.    The Business Judgment Rule .................................................................................... 5

    D.    Corporate Waste ........................................................................................................ 7

    E.    Negligence ................................................................................................................ 8

    F.    Role as Majority Shareholder ................................................................................... 8

    G.    Failure to Join ........................................................................................................... 9

CONCLUSION .................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701 (3d Cir. 1996)..........................................10

*In re Argo Commc'ns Corp.*, 134 B.R. 776 (Bankr. S.D.N.Y. 1991)...............................................7

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205 (2d Cir. 1985)............9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................................4

*Auerbach v. Bennett*, 393 N.E.2d 994 (N.Y. 1979) ........................................................................5

*Barr v. Wackman*, 36 N.Y.2d 371 (1975) .......................................................................................6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................................4

*Blaustein v. Pan Am. Petroleum & Transp. Co.*, 1231 N.Y.S.2d 934
  (App. Div. 1st Dep' t 1941) .........................................................................................................8

*Cleary v. Higley*, 277 N.Y.S. 63 (Sup. Ct. N.Y. Cnty. 1934) .........................................................8

*Consumers Union of U.S., Inc. v. State*, 840 N.E.2d 68 (N.Y. 2005) .............................................6

*DiFolco v. MSNBC Cable, L.L.C.,* 622 F.3d 104 (2d Cir. 2010).....................................................5

*Ench v. Breslin*, 241 A.D.2d 475 (App. Div. 2d Dep't 1997).........................................................6

*Federal Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251 (S.D.N.Y. 2010) .......................................9

*GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405
  (Bankr. S.D.N.Y. 1983).............................................................................................................10

*Goldstein v. Pataki*, 516 F.3d 50 (2d Cir.) .....................................................................................4

*Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264 (2d Cir. 1986) .............................5

*IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132 (2009) ...................................10

*JJCC Real Estate LLC v. Brooklyn Renaissance, LLC* (*In re Brooklyn Renaissance*, *LLC*),
  556 B.R. 68  (Bankr. E.D.N.Y. 2016) .........................................................................................4

*Koppel v. 4987 Corp.*, 167 F.3d 125 (2d Cir. 1999) .......................................................................5

*Laethem Equip. Co. v. Deere & Co.,* 485 Fed. Appx. 39 (6th Cir. 2012).....................................10

*Lippe v. Bairnco Corp.*, 230 B.R. 906 (S.D.N.Y. 1999).................................................................6

*Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209 (2d Cir. 2002) ........................................8

*Rut v. Young Adult Inst., Inc.*, 901 N.Y.S.2d 715 (N.Y. App. Div. 2010) ......................................5

*Shapiro v. Rockville Country Club, Inc.*, 22 A.D.3d 657 N.Y.S.2d 717 (2d Dep't 2005)..............7

*Temple v. Synthes Corp.*, 498 U.S. 5, 111 S. Ct. 315 (1990) .......................................................10

**Statutes**

11 U.S.C. § 541 (a)(2) .................................................................................................................. 10

NYBCL §§ 715, 717 and 720 ........................................................................................................ 3

**Other Authorities**

2 White, New York Business Entities P B717.01 (2018) .............................................................. 6

4 Moore's Federal Practice - Civil § 19.03 (2018) ................................................................. 9, 10

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 4

Federal Rule of Civil Procedure 14(a)(1) ..................................................................................... 9

Federal Rule of Civil Procedure 19 ......................................................................................... 9, 10

Federal Rule of Bankruptcy Procedure 7012 ............................................................................... 4

Federal Rule of Bankruptcy Procedure 7019 ............................................................................... 9

| | |
|---|---|
| ARCHER & GREINER, P.C.<br>630 Third Avenue<br>New York, New York 10017<br>Telephone: (212) 682-4940<br>Facsimile: (212) 682-4942<br>Allen G. Kadish<br>Harrison H.D. Breakstone<br>Email:  akadish@archerlaw.com<br>         hbreakstone@archerlaw.com | Hearing Date: June 5, 2018 at 10:00 am<br>Plaintiff's Objection Date: May 29, 2018<br>Defendant's Reply Date: June 1, 2018 |

*Special Litigation Counsel for*
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>MUNDO LATINO MARKET INC.,<br><br>              Debtor. | Chapter 7<br><br>Case No. 16-11349 (SMB) |

------------------------------------------------------------x

| | |
|---|---|
| ROBERT L. GELTZER, as<br>Chapter 7 Trustee of<br>Mundo Latino Market Inc.,<br><br>              Plaintiff,<br><br>    v.<br><br>KATHRYN L. BEDKE,<br><br>              Defendant. | Adv. Pro. No. 18-01013 (SMB) |

------------------------------------------------------------x

## TRUSTEE'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

ROBERT L. GELTZER, solely as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") of the estate of MUNDO LATINO MARKET INC. (the "**Debtor**"), by and through his undersigned special litigation counsel, Archer & Greiner, P.C., the plaintiff herein, respectfully submits this

Objection to the Motion to Dismiss of Kathryn L. Bedke (the "**Defendant**") [Docket Nos. 14, 15] (the "**Motion to Dismiss**"), as follows:

## I.

## PRELIMINARY STATEMENT

1.	This cause of action stems from financial losses sustained for the entire period of the Debtor's operation. During the entirety of the operation of the Debtor's market, the Defendant exercised no, or insufficient, control or oversight over the Debtor thereby permitting the purported manager, Giovanni Rodriguez, to enter into unauthorized contracts and lines of credit, pay employees off-the-books, pay himself as he saw fit, borrow money from the Debtor without repayment, fail to report on receipts and disbursements to anyone, fail to maintain the Debtor's sales system, and fail to maintain other adequate books and records. The perpetual financial losses were at the expense of the creditors of the Debtor's estate.

## II.

## BACKGROUND

2.	The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 11, 2016.

3.	On September 16, 2016, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7.

4.	The Trustee was appointed as the interim Chapter 7 trustee of the Debtor, accepted his appointment, duly qualified and is acting as the Trustee.

5.	The Debtor operated a retail food and household supply market in Upper Manhattan, located at 1272-1278 St. Nicholas Avenue, also known as 590 West 174th Street, New York, New York 10033.

6. The Defendant, Ms. Bedke, was the majority owner, a director and officer, and one of the two former principals, of the Debtor.

### III.

### **SUMMARY OF THE TRUSTEE'S COMPLAINT**

7. In the Complaint, the Trustee seeks to recover at least $1,139,728.89, or such other sum as represents not less than the value of all allowed claims against the estate, plus administrative expenses, from the Defendant.

8. In his Complaint, the Trustee asserts three causes of action, summarized as follows:

**First Count: BREACH OF FIDUCIARY DUTY**

Bedke, in her roles as majority shareholder, principal, officer and director of the Debtor had the obligation to discharge her duties as in good faith and with the care of an ordinarily prudent person in a like position under similar circumstances. Bedke had the obligation to discharge her duties of care, loyalty and good faith to the Debtor. Bedke breached her duties as a director and/or officer of the Debtor. Bedke's commissions and omissions constitute breaches of the duties described and as set forth in NYBCL §§ 715, 717 and 720, therefore, the Trustee is entitled to judgment against the Defendant in an amount not less than $1,139,728.89.

**Second Count: CORPORATE WASTE**

Bedke had the duty to the Debtor to preserve and protect its assets from undue waste or loss and to maximize its long-term financial health. By virtue of her acts and omissions as stated herein, Bedke committed waste of the Debtor's corporate assets and is required to account therefor. Bedke's breaches of duties and failures described herein resulted in damages to the Debtor's estate and creditors in an amount not less than $1,139,728.89.

3

**Third Count: NEGLIGENCE**

The Debtor's estate suffered actual damages as a result of the breach of Bedke to exercise her functions and duties as shareholder, principal, director, and officer of the Debtor.

## IV.

## LEGAL ANALYSIS

### A.    The Standard on a Motion to Dismiss

9.     A motion to dismiss must be denied if plausible allegations are pled. A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Rules**"), made applicable to adversary proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

10.    The applicable standard for assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is found in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly*, to survive a motion to dismiss under Rule 12(b)(6) the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Twombly*, 550 U.S. at 570. In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556.

11.    In making its determination on a motion to dismiss, "a court must liberally construe the complaint, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff." *JJCC Real Estate LLC v. Brooklyn Renaissance, LLC* (*In re Brooklyn Renaissance, LLC*), 556 B.R. 68, 74 (Bankr. E.D.N.Y. 2016) (*citing Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.)).

4

12. On a motion to dismiss, the court should accept as true the well-pled factual allegations made by the plaintiff and "must draw all reasonable inferences in favor of the plaintiff." *DiFolco v. MSNBC Cable, L.L.C.,* 622 F.3d 104, 110-11 (2d Cir. 2010). The court's task is "to assess the legal feasibility of the Complaint, not to assay the weight of the evidence which might be offered in support thereof." *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999).

13. The Defendant has full and fair notice of the claims and the grounds upon which they rest. Drawing inferences in favor of the Plaintiff, the Complaint should be allowed to proceed beyond the Motion to Dismiss to a substantive conclusion.

**B.    Breach of Fiduciary Duty**

14. Under New York law, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Rut v. Young Adult Inst., Inc.*, 901 N.Y.S.2d 715, 717 (N.Y. App. Div. 2010).

15. In the instant case, the Defendant had a fiduciary duty to the Debtor as result of her role as a director and its president. The Defendant failed to monitor the operations of the Debtor and knowingly chose for a sustained period of time not to act after becoming aware of ongoing misconduct within the Debtor's operations. Such commissions and omissions by the Defendant directly resulted in ongoing damages to the Debtor and its estate.

**C.    The Business Judgment Rule**

16. The business judgment rule generally provides a "bar [to] judicial inquiry into actions of corporate directors and officers taken in good faith and in the exercise of honest judgment in the lawful and legitimate judgment of corporate purposes." *Auerbach v. Bennett*, 393 N.E.2d 994, 1000 (N.Y. 1979); accord *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d

5

264, 273 (2d Cir. 1986); *Lippe v. Bairnco Corp.*, 230 B.R. 906, 916 (S.D.N.Y. 1999); *Consumers Union of U.S., Inc. v. State*, 840 N.E.2d 68, 87 (N.Y. 2005).

17. The Defendant relies on *Lippe* for the proposition that "[t]o overcome the presumption of legitimacy according to business decisions… a plaintiff must allege that the directors acted fraudulently or in bad faith." *Lippe,* 230 B.R. at 916-917.

18. But the business judgment rule does not apply where there are "wholesale failures to act, monitor, or perform managerial functions on the part of individual directors or the board." 2 White, New York Business Entities P B717.01 (2018); *see also Barr v. Wackman*, 36 N.Y.2d 371, 380 (1975) (unaffiliated directors breached their duty of due care when they failed to "meaningfully check" a proposed transaction for self-dealing, and instead rubber stamped the deal).

19. From her chosen inattention to the financial interests of the Debtor and her failure to supervise Mr. Rodriguez over the entire period of operations, from late 2014 to 2016, this Court can reasonably infer her bad faith.

20. The business judgment doctrine does not foreclose inquiry by the courts and cannot shelter individuals from responsibility for breaches of duty of care they owe as directors. *Ench v. Breslin*, 241 A.D.2d 475, 476 (App. Div. 2d Dep't 1997).

21. When a director, even an unaffiliated director, abdicates her responsibility, she may be liable for her omissions. *See Barr*, 36 N.Y.2d at 380. The Defendant incorrectly suggests that under the New York law the business judgment rule is a blanket rule that offers unfettered protection for officers and directors. The business judgment rule does not protect directors from their prolonged and repeated inaction or omissions. Therefore, the Defendant states in error that there is a legal presumption that the director's actions were taken in good faith.

22.   In the instant case, the business judgment rule would not protect the Defendant as an officer and director who neglected her duties and voluntarily failed to act and, in doing so, facilitated the fraudulent activity of her manager.

23.   The Defendant has not argued that the Trustee's basic factual allegations are wrong. She does not contest forcefully that she failed to supervise the Debtor's operations; we understand that her personal health is an issue, however she interposes this as a general defense, and does not contest the basic facts underlying the Trustee's complaint.

24.   The Defendant has not asserted that she followed procedures usually applied by directors and officers. As a result of the Defendant's failure to attend properly to the Debtor and to follow reasonably prudent procedures to monitor the Debtor, the Defendant let the Debtor run into financial disarray at the expense of the creditors of the Debtor's estate.

**D.   Corporate Waste**

25.   Directors or officers of a corporation can be liable for all forms of waste of assets regardless of whether they were intentional or negligent. *Shapiro v. Rockville Country Club, Inc.*, 22 A.D.3d 657, 802 N.Y.S.2d 717 (2d Dep't 2005).

26.   Under a claim for corporate waste, a "director or officer who intentionally or negligently facilitates the waste or mismanagement of corporate assets is liable for damages to the principal that flow from his [or her] conduct." *In re Argo Commc'ns Corp.*, 134 B.R. 776, 789 (Bankr. S.D.N.Y. 1991).

27.   The Defendant's negligent conduct facilitated the waste and mismanagement of substantially all of the Debtor's corporate assets. Her failure to supervise and monitor any and all of the operations of the Debtor and specifically the actions of Mr. Rodriguez resulted in a waste of the corporate assets of the Debtor. Such waste followed directly from the Defendant's

7

negligence and particularly her failure to act sooner despite being aware of the ongoing waste and diversion of corporate assets of the Debtor.

**E.    Negligence**

28.    The elements of a claim for negligence under New York law are: "(i) a duty owed to the plaintiff by the defendants; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002).

29.    In the instant case, the Defendant owed a duty to the Debtor's estate, which she breached, as described at length in the Complaint, and revisited above, resulting in the Debtor's estate having suffered actual damages as a result of such breach by the Defendant. By virtue of her actions and inactions, creditors are left "holding the bag."

**F.    Role as Majority Shareholder**

30.    The Defendant notes that a majority shareholder generally is not a fiduciary for other shareholders (or creditors) simply because of such ownership of stock. *See Blaustein v. Pan Am. Petroleum & Transp. Co.*, 1231 N.Y.S.2d 934, 956-57 (App. Div. 1st Dep' t 1941); *see also Cleary v. Higley*, 277 N.Y.S. 63, 76 (Sup. Ct. N.Y. Cnty. 1934) ("A majority stockholder does not become a fiduciary for other stockholders by reason merely of his ownership of stock"). The Defendant's role as majority shareholder is not a requirement or element of any of the causes of action brought in the amended complaint. The Defendant was also an officer of the Debtor. However, the Defendant's investment of $1 million, as compared with Ms. Holler's of $100,000 and Mr. Rodriguez's lack of a cash investment, highlights that she should have been paying more attention and acting to oversee the activities and books of the Debtor.

8

**G.     Failure to Join**

31.     The Trustee has not filed any action against the other individuals because (i) Mr. Rodriguez file a chapter 7 case, and (ii) Ms. Holler filed a chapter 11 case. After Bankruptcy Rule 2004 examinations, neither party was deemed creditworthy by the Trustee to pursue. With respect to the Trustee not yet having filed any objection to the claim of Mr. Rodriguez (or any other claims) it is because of the lack of assets in the Debtor's estate at this time. If amounts become available, the Trustee would proceed to examination of claims.

32.     The Defendant claims that this case must be dismissed for the failure to join Holler and Rodriguez.[1] Bankruptcy Rule 7019 states that Rule 19 applies to adversary proceedings, subject to exceptions not relevant in this case. Rule 19 also provides that a party must be joined in an action where: (1) the court cannot grant complete relief in the absence of that party; or (2) disposing of the action in the absence of that party would impair or impede a party's rights, or leave an existing party subject to double, multiple, or otherwise inconsistent obligations.

33.     Neither Holler nor Rodriguez is a necessary party in this case under Rule 19's requirements. The scope of Rule 19's "complete relief" clause is to be construed narrowly, and if complete relief can be granted (as it can) against the current parties to the litigation, that requirement is satisfied. *See* 4 Moore's Federal Practice - Civil § 19.03(2)(b)(ii), (d) (2018) (*citing Federal Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257–258 (S.D.N.Y. 2010)); *see also Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985). Even if additional relief could be sought from other un-joined parties, this does not violate the complete

---

[1] The Defendant may have avenues to add parties. *See* Rule 14(a)(1) (defendant can move to file a third-party complaint).

9

relief requirement. *See* 4 Moore's Federal Practice - Civil § 19.03(2)(d) (*citing Laethem Equip. Co. v. Deere & Co.,* 485 Fed. Appx. 39, 44 (6th Cir. 2012)).

34. Additionally, there is no possibility that the Defendant could be subject to double, multiple, or otherwise inconsistent obligations if Holler or Rodriguez are not joined to this case. The focus of this clause is to prevent any given defendant from paying the same debt more than once. *See* 4 Moore's Federal Practice - Civil § 19.03(4)(e) (2018) (*citing Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705–706 (3d Cir. 1996) (without absent party, insurer might be forced to pay the same insurance proceeds into two different escrow accounts, which would impose the same obligation twice)). The claims against the Defendant belong to the Trustee alone and, thus, no other party can seek relief from the Defendant. *See* 11 U.S.C. 541(a)(1).

35. Finally, the claims involved in this adversary proceeding are tort claims under New York law. *See, e.g., IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139-40 (2009) (labeling breach of fiduciary duty as a tort for statute of limitations analysis). The Supreme Court has long held that joint tortfeasors are neither necessary nor indispensable parties to an action under Rule 19. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 316 (1990) ("In his petition for certiorari to this Court, Temple contends that it was error to label joint tortfeasors as indispensable parties under Rule 19(b) and to dismiss the lawsuit with prejudice for failure to join those parties. We agree."); 4 Moore's Federal Practice - Civil § 19.03(4)(e) (2018) ("Joint tortfeasors are not necessary parties");[2] *see also GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 26 B.R. 405, 412-14 (Bankr. S.D.N.Y. 1983) (Lifland, J.). Accordingly, Holler and Rodriguez are not necessary parties.

---

[2] Pre-*Temple* cases cited by the Defendant are inapposite.

**V.**

**CONCLUSION**

36. The Trustee takes no pleasure prosecuting causes of action against those stricken by illness. However, in his fiduciary capacity, the Trustee seeks to recover for the estate through well-pled and well-grounded causes of action, amounts that were improperly left as a burden on the creditors of the estate due to the commissions and omissions of the Defendant.

**WHEREFORE**, the Trustee respectfully seeks an Order of this Court (i) denying the relief sought in the Motion to Dismiss, and (ii) granting such other and further relief as is just and proper.

Dated:  New York, New York  
       May 29, 2018

ARCHER & GREINER, P.C.

By:   s/ Allen G. Kadish  
    Allen G. Kadish  
    Harrison H.D. Breakstone  
630 Third Avenue  
New York, New York 10017  
Telephone: (212) 682-4940  
Facsimile: (212) 682-4942  
Email: akadish@archerlaw.com  
       hbreakstone@archerlaw.com

*Special Litigation Counsel for*  
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*