Hearing Date:  June 5, 2018 at 10:00 a.m. (prevailing Eastern Time)
Objection (Opposition) Deadline:  May 29, 2018
Reply Deadline:  June 1, 2018

WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 819-8200
Paige C. Spencer

*Counsel for Defendant Kathryn L. Bedke*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| MUNDO LATINO MARKET INC., | Case No. 16-11349 (SMB) |
| Debtor. | |
| ROBERT L. GELTZER, as Chapter 7 Trustee of Mundo Latino Market Inc., | Adversary Proceeding No. 18-01013 (SMB) |
| Plaintiff, | |
| v. | |
| KATHRYN L. BEDKE, | |
| Defendant. | |

**DEFENDANT KATHRYN L. BEDKE'S REPLY MEMORANDUM OF LAW
<u>IN FURTHER SUPPORT OF HER MOTION TO DISMISS</u>**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1
ARGUMENT...................................................................................................................................2
    I.    ALL OF THE TRUSTEE'S CLAIMS SHOULD BE DISMISSED UNDER THE BUSINESS JUDGEMENT RULE ................................................................2
        A.    Unable to Avoid the Business Judgment Rule the Trustee Now Attempts to Offer New Allegations Not in the Amended Complaint.......... 2
        B.    Because the Business Judgment Rule Applies, All of the Trustee's Claims, Including the Claim for Corporate Waste, Should Be Dismissed. ................................................................................................... 5
    II.    ALL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO JOIN HOLLER AND RODRIGUEZ AS NECESSARY PARTIES ................................6
CONCLUSION................................................................................................................................8

AMERICAS 94911556

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Auerbach v. Bennett*, 47 N.Y.2d 619 (1979) ...........................................................................3

*Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761 (N.D. Ill. 1985) .......................................6

*Geltzer v. Trey Whitfield Sch. (In re Michel)*, 573 B.R. 46 (Bankr. S.D.N.Y. 2017) ................2

*Geltzer v. Xavarian High Sch. (In re Akanmu)*, 501 B.R. 124 (Bankr. E.D.N.Y. 2013) ...........2

*In re Argo Commc'ns Corp.*, 134 B.R. 776 (Bankr. S.D.N.Y. 1991) ........................................5

*Keehan v. Keehan*, 96 Civ. 2481 (PKL), 2000 U.S. Dist. LEXIS 5369 (S.D.N.Y. Apr. 25, 2000) ..................................................................................................................7

*Lippe v. Bairnco*, 230 B.R. 906 (Bank. S.D.N.Y. 1999) ..........................................................3

*Macnish-Lenox, LLC v. Simpson*, 851 N.Y.S.2d 64 (Sup. Ct. Kings Cnty. Oct. 23, 2007) ................................................................................................................................3, 6

*Maxwell v. KPMG, LLP*, 520 F.3d 713 (7th Cir. 2008) (Posner, J.) .........................................2

*Shapiro v. Rockville Country Club, Inc.*, 802 N.Y.S.2d 717 (App. Div. 2d Dep't 2005) ..........................................................................................................................5, 6

*Syracuse Tel. Inc. v. Channel 9, Syracuse, Inc.*, 51 Misc. 2d 188 (Sup. Ct. Onondaga Cnty. July 27, 1966) ................................................................................................4

**STATUTES AND RULES**

11 U.S.C. § 524 ..........................................................................................................................7

Fed. R. Bankr. P. 7012 ...............................................................................................................1

Fed. R. Civ. P. 12 .......................................................................................................................1

New York Business Corporation Law § 720 .............................................................................7

AMERICAS 94911556

Defendant Kathryn L. Bedke submits this reply memorandum of law in further support of her motion to dismiss the Amended Complaint ("Amended Complaint" or "Am. Compl.") of Plaintiff Robert L. Geltzer ("Trustee" or "Plaintiff"), as Chapter 7 Trustee of Mundo Latino Market Inc. ("Mundo Latino"), under Bankr. Rule 7012 and Fed. R. Civ. P. 12(b)(6)-(7).[1]

## PRELIMINARY STATEMENT

The Amended Complaint makes clear that Ms. Bedke, stricken with Stage 4 metastatic colon cancer, has been had by someone she trusted as a friend, Giovanni Rodriguez ("Rodriguez"). Rodriguez was instrumental in the founding and opening of Mundo Latino, funded by an investment of over a million dollars by Ms. Bedke, and at least $100,000 by Kathryn Holler ("Holler"). While Ms. Bedke was allegedly named as Vice President of Mundo Latino, **Holler** served as its President, and Rodriguez ran day-to-day operations. Not only did Rodriguez mismanage Mundo Latino, he pillaged it, taking loans from the company that he did not repay, and using Mundo Latino funds to purchase personal items. As the Section 341 hearing established, even though Holler served as Mundo Latino's President, Holler found it impossible to control Rodriguez, and therefore put Mundo Latino into bankruptcy.

Notwithstanding this record, the Trustee now seeks to recover at least $1,139,728.89 from Ms. Bedke, representing the value of all creditors' claims on the estate—including from Rodriguez—essentially the amount Ms. Bedke already invested and lost in Mundo Latino. Nothing in the Trustee's Objection ("Obj.") can save the Amended Complaint.

The Opposition is a perfunctory response, that not only ignores the actual record in this case, but impermissibly goes beyond the Amended Complaint. For example, there is no question that Ms. Bedke's actions as Vice President in relying on Holler as President to supervise the day-

---

[1] Terms not defined herein have the meaning given to them in the Amended Complaint or in Defendant's Memorandum of Law in support of her motion to dismiss [ECF 15].

1

to-day management by Rodriguez are protected by the business judgment rule. To the extent the Trustee attempts to counter this argument, he does so making assertions nowhere contained in the Amended Complaint. Moreover, by the Trustee's own admission, Holler and Rodriguez should have – but, due to his own delay, cannot – be joined in this action. Finally, perhaps most galling is that the Trustee nowhere explains how he could purport to sue Ms. Bedke for amounts—representing over half the alleged damages—claimed by Rodriguez, the party the Trustee accuses of wrongful acts. Such sloppy and improper pleading should not be tolerated, and cannot save the Amended Complaint, which should be dismissed in its entirety.[2] *See Maxwell v. KPMG, LLP*, 520 F.3d 713, 718 (7th Cir. 2008) (Posner, J.) ("The extreme weakness of the trustee's case, both on liability and on damages, invites consideration of the exercise of litigation judgment by a Chapter 7 trustee.").

## ARGUMENT

I. **ALL OF THE TRUSTEE'S CLAIMS SHOULD BE DISMISSED UNDER THE BUSINESS JUDGMENT RULE**

    A. **Unable to Avoid the Business Judgment Rule the Trustee Now Attempts to Offer New Allegations Not in the Amended Complaint.**

The Trustee has not pleaded around the business judgment rule, under which all his claims should be dismissed. Instead, he attempts to "plead" around his own Amended Complaint, which is not allowed on a motion to dismiss.

---

[2] The Trustee is known for taking positions that are not well-founded. *See, e.g., Geltzer v. Xavarian High Sch. (In re Akanmu)*, 501 B.R. 124, 138 (Bankr. E.D.N.Y. 2013) ("emphatically" rejecting the Trustee's claim "that because the recipients of the education provided by [defendant private schools] were the Debtors' children, and not the Debtors, no reasonably equivalent fair value or fair consideration was received in exchange for the Tuition Payments"); *Geltzer v. Trey Whitfield Sch. (In re Michel)*, 573 B.R. 46, 53 (Bankr. S.D.N.Y. 2017) (following *Xavarian* despite the Trustee's argument that it "was wrongly decided because, among other reasons, courts should consider the concept of 'reasonably equivalent value' through a concrete, economic lens, rather than 'a subjective equation' where the standard is satisfied 'if the debtor gets some emotional benefit'"). Previously, in this case, the Trustee attempted to sell-off Mundo Latino's store contents in a manner rejected by the Court. *See* Hearing Transcript (Sept. 15, 2016) 6:15-23 ("An auction is meaningless on two weeks' notice when there's been no effort to market the property and no effort to get any interested parties. And it looks like there's a security interest in all this property. There's no – I don't see any benefit to selling this.").

2

The Trustee concedes (Trustee's Obj. ¶ 16) that the business judgment rule bars "judicial inquiry into actions of corporate directors and officers taken in good faith and in the exercise of honest judgment in the lawful and legitimate judgment of corporate purposes." *Auerbach v. Bennett*, 47 N.Y.2d 619, 629 (1979). Where, as here, a director or officer has exercised the requisite judgment, her actions are afforded a "presumption of legitimacy" under the business judgment rule, and she cannot be held liable for those actions absent allegations of fraud or bad faith. *Lippe v. Bairnco*, 230 B.R. 906, 916 (Bank. S.D.N.Y. 1999) (citing *Auerbach*, 47 N.Y.2d at 629, and *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 476 (2d Cir. 1991)).[3] Those actions are to be judged in the first instance "by what ordinarily prudent persons 'would do in similar circumstances.'" *Macnish-Lenox, LLC v. Simpson*, 851 N.Y.S.2d 64 (Sup. Ct. Kings Cnty. Oct. 23, 2007) (quoting *Syracuse Tel. Inc. v. Channel 9, Syracuse, Inc.,* 51 Misc. 2d 188, 196 (Sup. Ct. Onondaga Cnty. July 27, 1966)).

As Defendant has shown (Def.'s Mot. 9-11), the Trustee's assertion that Ms. Bedke failed to supervise Rodriguez and Mundo Latino misses the point. The Trustee has nowhere posited well pled facts showing that Ms. Bedke's decisions to rely on Holler's leadership and delegation decisions as to Rodriguez were unreasonable. The Trustee himself pleads that Holler, not a deathly ill Ms. Bedke, was the President of Mundo Latino,[4] and the 341 meetings establish that Holler was the officer trying to supervise Rodriguez. (*See* Chapter 11 § 341 Meeting 3:25-3:30, 16:55-17:30, 18:52-19:08.) These conceded facts are fatal to the Trustee's case because the business judgment rule allowed Ms. Bedke to rely on Holler, as President, including as to

---

[3] Thus, the Trustee is simply wrong in contending that there is no "a legal presumption that the director's actions were taken in good faith." Trustee Obj. ¶ 21.
[4] In his Objection, the Trustee refers to Ms. Bedke as Mundo Latino's President. Trustee Obj. ¶ 15. Defendant can only assume this is a typographical error.

3

entrusting day-to-day management to Rodriguez. *See Syracuse*, 51 Misc. 2d at 196 ("Care and skill in management are relative concepts depending not only on the type of corporation, the circumstances involved, but also the corporate role of the directors. The duty is measured by all the circumstances. (citations omitted)); N.Y. § 5:96 (McKinney 2013) ("[W]hereas the powers of the president may be broad, either expressly or by implication, those of the vice president are generally narrow," and any specific, designated functions for the vice president should be set out in the bylaws.). Moreover, it is well-settled that reasonableness is assessed as of the time decisions were made, not with hindsight. *See* Def.'s Mot. 9-10 (quoting *Crouse Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 702 (2d Cir. 1980).

Faced with certain dismissal, the Trustee now impermissibly offers new allegations that appear nowhere in his Amended Complaint, asserting that Ms. Bedke "knowingly chose for a sustained period of time not to act after becoming aware of ongoing misconduct within [Mundo Latino's] operations." Trustee Obj. ¶ 15*; see also id.* ¶ 27 (same). But, this cannot save the Amended Complaint for two reasons.

*First*, the allegation is not a fact. It is a conclusion, offered without any factual support or predicate, and cannot plead around the business judgment rule. *Second*, in any event, this allegation appears nowhere in the Amended Complaint. Indeed nothing developed in the 341 meetings supports this conclusory allegation. Hence, nothing in the Amended Complaint or the record in open court in this case renders this allegation factually plausible. As such, this bare conclusory allegation cannot save the Amended Complaint from the effects of the business judgment rule, because nowhere has the Trustee pled facts showing that Ms. Bedke acted unreasonably in relying on the leadership of Holler as President, including in allowing Rodriguez to manage the Debtor's day-to-day operations.

AMERICAS 94911556

### B. Because the Business Judgment Rule Applies, All of the Trustee's Claims, Including the Claim for Corporate Waste, Should Be Dismissed.

Defendant has demonstrated that Ms. Bedke is entitled to the full protections of the business judgment rule, and the Trustee concedes that he has not alleged any fraud or bad faith on Ms. Bedke's part, each of the Trustee's claims (including the negligence claim) should therefore be dismissed.[5]

While not disputing the applicability of the business judgment rule, as to his corporate waste claim, the Trustee now claims that the analysis is somehow different to the extent there are facts showing that a director or officer "'intentionally or negligently facilitates the waste or mismanagement of corporate assets.'" Trustee Obj. ¶ 26 (quoting *In re Argo Commc'ns Corp.*, 134 B.R. 776, 789 (Bankr. S.D.N.Y. 1991)). But again, this argument cannot save the corporate waste claim for two reasons.

*First*, as shown above, the Trustee has pled no facts to show that in relying on Holler, as President, Ms. Bedke facilitated waste. *Second*, in any event, the Trustee has misstated the law. In *Argo*, the court did not consider application of the business judgment rule to corporate waste claims, as defendant moved to dismiss the corporate waste claim on statute-of-limitations grounds. *See Argo*, 134 B.R. at 789 (noting that "[w]aste is . . . similar to a claim for breach of fiduciary duty"). The only other case cited by the Trustee— *Shapiro v. Rockville Country Club, Inc.*, 802 N.Y.S.2d 717, 719 (App. Div. 2d Dep't 2005)—actually *supports* dismissal of the Trustee's corporate waste claim. The case makes clear that, "absent claims of fraud, self-dealing, unconscionability or other misconduct, the court should apply the business judgment

---

[5] The Trustee now has conceded that he cannot assert any of his claims against Ms. Bedke on the basis of negligence. *See* Trustee Obj. ¶ 30 ("The Defendant's role as majority shareholder is not a requirement or element of any of the causes of action brought in the amended complaint.").

rule [to corporate waste claims] and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of . . . legitimate interests." *Shapiro v. Rockville Country Club, Inc.*, 802 N.Y.S.2d 717, 719 (App. Div. 2d Dep't 2005) (internal quotations omitted); *cf. Machnish-Lenox, LLC*, 851 N.Y.S.2d 64 ("[T]he duty of care applicable in the negligence cause of action is actually no different than the standard of care required for the competent performance of defendants' fiduciary duties.").

Here, the Trustee asserts that a corporate waste claim should proceed against Ms. Bedke solely on the basis of alleged negligence. Trustee Obj. ¶ 27. But, nothing in the Amended Complaint pleads a lack of good faith by Ms. Bedke, and, therefore, any purported negligence is irrelevant to the corporate waste claim because Ms. Bedke was permitted, in good faith, to authorize Ms. Holler to lead Mundo Latino, including by allowing Rodriguez to conduct day-to-day management. Further, contrary to the Trustee's assertions (Obj. ¶ 27) the Amended Complaint does not allege any knowing failure to act by Ms. Bedke. As such, the corporate waste claim, like the Trustee's other claims, is barred by the business judgment rule, and should be dismissed.

## II. ALL CLAIMS SHOULD BE DISMISSED FOR FAILURE TO JOIN HOLLER AND RODRIGUEZ AS NECESSARY PARTIES

The Trustee concedes that he has not asserted any claims against Holler or Rodriguez solely because Holler filed a Chapter 7 case and Rodriguez filed a Chapter 11 case. Trustee Obj. ¶ 31. Nothing in the Trustee's Objection can cure the fatal effect of these judicial admissions.

*First*, with respect to Holler, "[d]irectors have been found indispensable where," as here, "the complaint alleges that they themselves have committed a tort or similar wrongdoing and relief is sought from the directors personally." *Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761, 764 (N.D. Ill. 1985). The Trustee alleges that Holler served as Mundo Latino's President,

6

Am. Compl. ¶ 22, and she was therefore tasked with supervising any errors in judgment by either Ms. Bedke or Rodriguez, and could ordinarily be held liable for failing to do so. Nevertheless, it is impossible for the Trustee (and practically impossible for Ms. Bedke)[6] to vindicate those claims now. *See* Holler Dkt. 48, Art. XI B., at 19 ("All injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force until the Effective Date unless otherwise provided in this Plan."); 11 U.S.C. § 524. *Second*, with respect to Rodriguez, while breaches of fiduciary duty or corporate waste might be characterized as torts, the Trustee's argument that Ms. Bedke and Rodriguez are "joint tortfeasors," *see* Trustee's Obj. ¶ 35, is without merit, as an alleged day-to-day manager and employee such as Rodriguez cannot be held liable for such claims. *See, e.g.*, *Keehan v. Keehan*, 96 Civ. 2481 (PKL), 2000 U.S. Dist. LEXIS 5369, at *12 (S.D.N.Y. Apr. 25, 2000) ("Section 720(b) of the New York Business Corporation Law provides a cause of action against *a director or officer* for breach of fiduciary duty." (emphasis added)).

---

[6] The Trustee asserts that Ms. Bedke "may have avenues to add parties," citing Rule 14(a)(1) for the proposition that a defendant may move to file a third-party complaint. Notwithstanding this general proposition, given the stay in Holler's case and Rodriguez's discharge in bankruptcy, any addition of parties for the purposes of assigning damages is practically unavailable.

# CONCLUSION

For the foregoing reasons, the Trustee's Amended Complaint should be dismissed with prejudice and in its entirety.

Date: June 1, 2018

New York, New York

           WHITE & CASE LLP

           /s/ *Paige C. Spencer*
           Paige C. Spencer
           WHITE & CASE LLP
           1221 Avenue of the Americas
           New York, NY 10020
           Phone: 212.819.8200
           Fax: 212.354.8113
           Email: paige.spencer@whitecase.com

           *Counsel for Defendant Kathryn L. Bedke*

AMERICAS 94911556

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of June, 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the Court's CMF/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system, and via U.S. Mail to the following:

Allen G. Kadish
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Phone: 212.682.4940
Fax: 212.682.4942
Email: akadish@archerlaw.com

                                                         /s/ *Paige C. Spencer*

                                                    WHITE & CASE LLP
                                                    1221 Avenue of the Americas
                                                    New York, NY 10020