ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Allen G. Kadish
Harrison H.D. Breakstone
Email: akadish@archerlaw.com
       hbreakstone@archerlaw.com

*Special Litigation Counsel for*
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| MUNDO LATINO MARKET INC., | Case No. 16-11349 (SMB) |
| Debtor. | |

--------------------------------------------------------x

| | |
|---|---|
| ROBERT L. GELTZER, as<br>Chapter 7 Trustee of<br>Mundo Latino Market Inc., | Adv. Pro. No. 18-01013 (SMB) |
| Plaintiff, | |
| v. | |
| KATHRYN L. BEDKE, | |
| Defendant. | |

--------------------------------------------------------x

**SUPPLEMENTAL MEMORANDUM OF LAW**
**ON BEHALF OF TRUSTEE, PLAINTIFF**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  PRELIMINARY STATEMENT ................................................................................. 2

II. SPECIFIC ISSUES ....................................................................................................... 3

    A.  WHETHER THE DEFENDANT, IN HER CAPACITY AS A
MAJORITY SHAREHOLDER, HAD ANY DUTIES IN CONNECTION
WITH THE MANAGEMENT OF THE DEBTOR UNDER NEW YORK
LAW, AND IF SO, WHAT THOSE DUTIES WERE .......................................... 3

    B.  WHETHER THE DEFENDANT, IN HER CAPACITY AS A VICE
PRESIDENT, HAD ANY DUTIES IN CONNECTION WITH THE
MANAGEMENT OF THE DEBTOR UNDER NEW YORK LAW, AND
IF SO, WHAT THOSE DUTIES WERE. ............................................................ 4

    C.  WHETHER THE DEFENDANT, IN HER CAPACITY AS AN
INDIVIDUAL DIRECTOR RATHER THAN AS A MEMBER OF THE
BOARD OF DIRECTORS, HAD ANY DUTIES IN CONNECTION
WITH THE MANAGEMENT OF THE DEBTOR UNDER NEW YORK
LAW, AND IF SO, WHAT THOSE DUTIES WERE .......................................... 7

III. CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Ampal-American Israel Corp.*,
   543 B.R. 464 (Bankr. S.D.N.Y. 2016) ............................................................................. 2, 7

*In re Bernard L. Madoff Inv. Securities LLC*,
   458 B.R. 87 (Bankr. S.D.N.Y. 2011) ................................................................................ 7, 8

*Geltzer v. Altman* (*In re 1st Rochdale Coop. Group, Ltd.*),
   No. 07 Civ. 7852 (DC), 2008 WL 170410 (S.D.N.Y. Jan. 17, 2008) ..................................... 7

*Gully v. National Credit Union Admin. Bd.*,
   341 F.3d 155 (2d Cir. 2003) ............................................................................................... 5, 6

*Joy v. North*,
   692 F.2d 880 (2d Cir. 1982) .................................................................................................... 8

*McDonnell v. American Leduc Petroleums, Ltd.*,
   491 F.2d 380 (2d Cir. 1974) .................................................................................................... 5

*In re Perry H. Koplik & Sons, Inc.*,
   476 B.R. 746 (Bankr. S.D.N.Y. 2012) ........................................................................... 5, 6, 9

**State Cases**

*Alpert v. 28 Williams Street Corp.*,
   63 N.Y.2d 557 (1984) ......................................................................................................... 3, 4

*Auerbach v. Bennett*,
   47 N.Y.2d 619 (1979) ............................................................................................................. 5

*Barr v. Wackman*,
   36 N.Y.2d 371 (1975) ............................................................................................................. 8

*Ench v. Breslin*,
   241 A.D.2d 475 (App. Div. 2d Dep't 1997) ......................................................................... 8

*Kavanaugh v. Commonwealth Tr. Co.*,
   64 Misc. 303 (Sup. Ct. Sar. Cty. 1909), *rev'd on other grounds sub nom.*
   *Kavanaugh v. Gould*, 147 A.D. 281 (App. Div. 3d Dep't 1911) ........................................... 9

*Kush v. City of Buffalo*,
   59 N.Y.2d 26 (1983) ............................................................................................................... 8

*Leibert v. Clapp*,
    13 N.Y.2d 313 (1963) ..................................................................................................2

*McMullin v. Beran*,
    765 A.2d 910 (Del. 2000) ...........................................................................................5

*Meinhard v. Salmon*,
    249 N.Y. 458 (1928) ..................................................................................................2

*Miller v. Schreyer*,
    257 A.D.2d 358 (App. Div. 1st Dep't 1999) ..............................................................9

*Stone v. Ritter*,
    911 A.2d 362 (Del. 2006) ...................................................................................2, 4, 5

*Waldman v. 853 St. Nicholas Realty Corp.*,
    64 A.D.3d 585 (App. Div. 2d Dep't 2009) .................................................................3

**State Statutes**

N.Y. Bus. Corp. Law § 712(c) ..............................................................................................8

N.Y. Bus. Corp. Law § 715(h) ..............................................................................................4

N.Y. Bus. Corp. Law § 717(a) ..............................................................................................7

N.Y. Bus. Corp. Law § 1104-a(a) .........................................................................................3

ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Allen G. Kadish
Harrison H.D. Breakstone
Email: akadish@archerlaw.com
　　　　hbreakstone@archerlaw.com

*Special Litigation Counsel for*
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| MUNDO LATINO MARKET INC., | Case No. 16-11349 (SMB) |
| Debtor. | |

--------------------------------------------------------x

| | |
|---|---|
| ROBERT L. GELTZER, as<br>Chapter 7 Trustee of<br>Mundo Latino Market Inc., | Adv. Pro. No. 18-01013 (SMB) |
| Plaintiff, | |
| v. | |
| KATHRYN L. BEDKE, | |
| Defendant. | |

--------------------------------------------------------x

**SUPPLEMENTAL MEMORANDUM OF LAW
ON BEHALF OF TRUSTEE, PLAINTIFF**

**TO:　THE HONORABLE STUART M. BERNSTEIN,
　　　UNITED STATES BANKRUPTCY JUDGE**

　　　ROBERT L. GELTZER, solely as Chapter 7 Trustee (the "**Trustee**" or the "**Plaintiff**") of

the estate of MUNDO LATINO MARKET, INC. (the "**Debtor**"), the plaintiff herein, by and

through his undersigned special litigation counsel, Archer & Greiner, P.C., respectfully submits this *Supplemental Memorandum of Law*, as follows.

## I.
## PRELIMINARY STATEMENT

1.     On April 10, 2018, the Plaintiff filed the Amended Complaint herein [Docket No. 11]. On April 24, 2018, the defendant, Kathryn L. Bedke (the "**Defendant**") filed her Motion to Dismiss [Docket Nos. 14, 15, 16]. The Plaintiff opposed the Defendant's Motion on May 29, 2018 [Docket No. 18], and the Defendant replied on June 1, 2018 [Docket No. 20]. The Court requested the Debtor's Certificate of Incorporation, which was filed by both the Defendant and the Trustee, with letters [Docket Nos. 21 and 22, respectively]. By Order dated June 28, 2018, this Court directed further briefing on specific issues, and thus this Supplemental Memorandum is filed.

2.     The Defendant, one of only two directors, officers and shareholders of the Debtor, asserts that she cannot be held liable for her inaction and complete lack of oversight and responsibility for the operations of the Debtor. The Defendant also asserts that she should be cloaked in the protections of the business judgment rule. However, the protections of the business judgment rule are wholly inapplicable where, as here, a director, officer or majority shareholder breaches her fiduciary duties by failing to exercise due care or reasonable diligence and by systematically failing to exercise oversight over the corporation; the business judgment rule applies in its exercise, not its abrogation. *See In re Ampal-American Israel Corp.*, 543 B.R. 464, 481-82 (Bankr. S.D.N.Y. 2016) (summarizing New York law on the duties of care and good faith); *Stone v. Ritter*, 911 A.2d 362, 369-70 (Del. 2006) (explaining the duty of oversight for corporate officers and directors). Corporate fiduciaries are the "guardians of the corporate welfare," and are held to a standard "stricter than the morals of the marketplace." *See Leibert v. Clapp*, 13 N.Y.2d

2

313, 317 (1963)*; Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928). The Defendant must be held accountable for the damage her breaches of duties caused to the Debtor and its creditors.

## II.
## SPECIFIC ISSUES

A. **WHETHER THE DEFENDANT, IN HER CAPACITY AS A MAJORITY SHAREHOLDER, HAD ANY DUTIES IN CONNECTION WITH THE MANAGEMENT OF THE DEBTOR UNDER NEW YORK LAW, AND IF SO, WHAT THOSE DUTIES WERE**

3.   A majority shareholder is in a position of trust, and this trust results in an "obligation to all shareholders to adhere to fiduciary standards of conduct and to exercise their responsibilities in good faith when undertaking any corporate action…." *See Alpert v. 28 Williams Street Corp.*, 63 N.Y.2d 557, 568 (1984). The majority shareholder must treat all other shareholders fairly and discharge her duties in good faith. *Id*. at 569 (majority shareholders have a fiduciary duty to act with due care and good faith); *see also Waldman v. 853 St. Nicholas Realty Corp.*, 64 A.D.3d 585, 587 (App. Div. 2d Dep't 2009). Other duties specifically recognized by the Court of Appeals in *Alpert* include the duty of candor, and, as is especially relevant in this case, good and prudent management of the corporation. *Id*. (citations omitted). Thus the duties of a majority shareholder are, at a minimum, the duties of care, good faith, candor, and prudent management of the corporation, all of which the Defendant breached.

4.   Here, the Defendant failed to exercise her fiduciary duties of care, good faith and prudent management of the corporation. In the Amended Complaint, the Plaintiff alleges, and it is uncontested in the Defendant's motion to dismiss (and uncontested as a matter of law on a motion to dismiss), that the Defendant was the majority shareholder of the Debtor.[1]

---

[1] The Amended Complaint alleges that the Defendant owned 70% of the Debtor's shares. [Amended Complaint ¶25]. The ownership structure of the Debtor also makes it likely that the corporation would be considered a closely held corporation under New York law, as it was possibly subject to New York's involuntary dissolution statute. *See* Bus. Corp. Law § 1104-a(a) (involuntary dissolution possible where petitioners own at least 20% of the corporation's shares

3

5.  In her role as the majority shareholder of the Debtor, a private company, the Defendant had an obligation both to act in good faith and to manage prudently the Debtor. *Alpert*, 63 N.Y.2d at 568, 574 (holding that, although no disinterested committee was established to negotiate a freeze out merger, the merger agreement was entirely fair to the minority shareholders); *Stone*, 911 A.2d at 369-72 (holding that a reasonable reporting and oversight system existed and was used by the corporation, making reliance on that system reasonable).

6.  The Defendant here engaged in no supervision or oversight over the Debtor corporation throughout its two years of operation once the Defendant installed Giovanni Rodriguez as store manager, as alleged in the Amended Complaint at ¶ 39.

7.  Had the Defendant engaged in meaningful oversight of the Debtor, as her duty of prudent management requires, Rodriguez's sustained mismanagement of the Debtor would have been readily apparent.[2] Therefore, the Defendant, in her capacity as majority shareholder, had, at a minimum, duties to act in good faith and to ensure that the Debtor was prudently managed, but she failed to exercise effectively those duties, resulting in damages to the Debtor and its creditors.

**B. WHETHER THE DEFENDANT, IN HER CAPACITY AS A VICE PRESIDENT, HAD ANY DUTIES IN CONNECTION WITH THE MANAGEMENT OF THE DEBTOR UNDER NEW YORK LAW, AND IF SO, WHAT THOSE DUTIES WERE**

8.  Individual officers, including those holding the office of vice president, are likewise fiduciaries of a corporation. An officer is bound by law to discharge her duties as an officer in good faith and with due care. N.Y. Bus. Corp. Law § 715(h).

---

and where the corporation's shares are not traded on a national exchange). However, *Alpert* does not limit its terms to closely held corporations, making the Debtor's closely held status irrelevant. *Alpert*, 63 N.Y.2d at 568-69.

[2] The Amended Complaint alleges that a point-of-sale monitoring system was purchased by the Defendant to monitor the Debtor's operations but was never put to its intended use. Amended Complaint ¶ 39.

4

9. The traditional duties ascribed to corporate officers, including under New York law, are the duties of good faith, loyalty and oversight. *See In re Perry H. Koplik & Sons, Inc.*, 476 B.R. 746, 795 (Bankr. S.D.N.Y. 2012) (Gerber, J.) ("[T]o the extent that [the officers] engaged in or authorized the transactions that caused the Debtor's losses in the absence of good faith, disinterestedness, or, as especially relevant here, due care, they may be held liable for the consequences"); *Auerbach v. Bennett*, 47 N.Y.2d 619, 634-35 (1979) ("At the same time those responsible for the procedures by which the business judgment is reached may reasonably be required to show that they have pursued their chosen investigative methods in good faith"); *see also McMullin v. Beran*, 765 A.2d 910, 920 (Del. 2000) (labeling the duties of care, good faith, and loyalty as a "triad" owed by all officers).

10. A corporate officer must discharge her fiduciary duties "in good faith and with conscientious fairness, morality and honesty in purpose." *See Gully v. National Credit Union Admin. Bd.*, 341 F.3d 155, 165 (2d Cir. 2003) (citing *Alpert*, 63 N.Y.2d at 569) (failure to inquire as to the full extent of former managing officer's improper credit card use amounted to a breach of fiduciary duty by the former manager's replacement).

11. Acting without good faith has been held to be the equivalent of acting in bad faith by some courts, and in turn this can be used to further a claim against an officer for the breach of the duty of loyalty. *See Stone*, 911 A.2d at 369-370 ("It follows that because a showing of bad faith conduct . . . is essential to establish [fiduciary] oversight liability, the fiduciary duty violated by that conduct is the duty of loyalty").

12. The Second Circuit has for decades held, pursuant to the law of multiple states, that an officer breaches her fiduciary duty where damages to the corporation "result from an obvious and prolonged failure to exercise oversight or supervision." *See, e.g.*, *McDonnell v. American*

5

*Leduc Petroleums, Ltd.*, 491 F.2d 380, 382 (2d Cir. 1974) ("[Officer] neither investigated the statements contained in these warnings nor passed them on to the Division of Corporations. Instead, she gave them to [another individual], who was the object of many of the complaints, and accepted his assurances that the problems mentioned would be corrected"); *see also Gully*, 341 F.3d at 165 (defendant officer was properly removed by federal agency where she breached her fiduciary duties by improperly processing payment checks without personally reviewing the bills).

13. Here, the Defendant breached her duties of good faith, care, and loyalty to the Debtor. The Plaintiff alleges in the Amended Complaint that the Defendant was the vice president and secretary of the Debtor. Amended Complaint ¶ 22.

14. In her roles as vice president and secretary, the Defendant owed the Debtor duties of good faith, care, and loyalty. *See Gully*, 341 F.3d at 165 ("[A] prudent person charged with protecting the assets of an insured credit union would not, as [officer] did, blithely accept the promise of a consultant to repay the credit union and to stop misusing the credit card after discovering his illegal misuse of the credit card."); *Koplik*, 476 B.R. at 754, 766 ("The Court saw no evidence that [officers] weighed the risk of trade credit defaults against the profitability of the American Tissue business in any formalized way…. That was a serious breach of the duty of care");

15. The Defendant as an officer failed to exercise her role of supervision and oversight to the corporation, despite that the Defendant was the one (or at least one of two) who was supposed to be overseeing operations, including the point-of-sale system. Amended Complaint ¶ 39. This allowed Rodriguez, for the prolonged period of 2004 through the closing of Debtor's market in 2016, to act completely unchecked, to function with workers off the books, to conduct

business in cash, to maintain no effective books and records, and to use the Debtor to make personal purchases for himself. Amended Complaint ¶ 41.

16. Had the Defendant properly acted in her role of vice president and secretary of the Debtor, Rodriguez's misconduct would have been discovered and managed. Therefore, the Defendant, an officer, had, at a minimum, the "triad" of duties of good faith, care and loyalty to the Debtor, but failed to exercise those duties, resulting in damages to the Debtor and its creditors.

**C.  WHETHER THE DEFENDANT, IN HER CAPACITY AS AN INDIVIDUAL DIRECTOR RATHER THAN AS A MEMBER OF THE BOARD OF DIRECTORS, HAD ANY DUTIES IN CONNECTION WITH THE MANAGEMENT OF THE DEBTOR UNDER NEW YORK LAW, AND IF SO, WHAT THOSE DUTIES WERE**

17. A corporation's directors owe fiduciary duties to the corporation. A director is obligated to perform her duties as a director in good faith and with due care. N.Y. Bus. Corp. Law § 717(a). This means that a corporation's directors also owe the corporation duties of good faith, loyalty, oversight and due care. *See Madoff*, 458 B.R. at 128-29 (citations omitted); *Geltzer v. Altman* (*In re 1st Rochdale Coop. Group, Ltd.*), No. 07 Civ. 7852 (DC), 2008 WL 170410, at *2-3 (S.D.N.Y. Jan. 17, 2008) ("Count One of the complaint alleges that the officers and directors of Rochdale ignored or failed to consider material information, failed to exercise due care and reasonable diligence, failed to conduct a reasonable investigation, and made decisions that were not reasonably informed").

18. The duties owed by a corporation's directors have been held to be the same as those duties that are owed by a corporation's officers. *See Ampal-American Israel*, 543 B.R. at 481 (corporation's officer is "subject to the same fiduciary duties as a director").

19. Even where it is alleged that an individual director did not perform the actions that resulted in a loss to the corporation, that director can still be liable for the damages resulting from her lack of knowledge or her failure to act. *See In re Bernard L. Madoff Inv. Securities LLC*, 458

7

B.R. 87, 128-29 (Bankr. S.D.N.Y. 2011) (Lifland, J.) ("Put another way, [Bernard] Madoff's fraudulent activities do not constitute a supervening cause that severs the causal link between the Defendants' above-mentioned breaches and the foreseeable resulting harm to [the corporation]"). This is especially so where the directors in question had supervisory or compliance roles with the corporation that mandated that they be aware of conduct that could cause harm to the corporation. *Id.* (further stating that the officers "shirked their compliance and supervisory duties" to the corporation); *see also Kush v. City of Buffalo*, 59 N.Y.2d 26, 33 (1983) ("When the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs").

20.     A member of a corporation's board of directors can be held individually responsible for his or her own independent breaches of fiduciary duty. *See Ench v. Breslin*, 241 A.D.2d 475, 476 (App. Div. 2d Dep't 1997) ("The business judgment doctrine does not foreclose inquiry by the courts into the disinterested independence of members of the board of directors of a corporation and cannot shelter *individuals* from responsibility for breaches of duty of care they owe as directors") (emphasis added); see also 2 White, New York Business Entities P B717.01 (2018) (the business judgment rule does not apply where there are "wholesale failures to act, monitor, or perform managerial functions on the part of *individual* directors or the board") (emphasis added).

21.     An individual director has a duty of oversight and to make informed decisions, and when she fails to do so she can be held liable for the resulting damages. *See* N.Y. Bus. Corp. Law § 712(c); *Barr v. Wackman*, 36 N.Y.2d 371, 380 (1975) ("If the unaffiliated directors abdicated their responsibility, they may be liable for their omissions") (holding that plaintiffs did not need to make a demand pursuant to BCL § 626 in an action alleging that uninterested directors rubber stamped merger terms proposed by the interested directors); s*ee also Joy v. North*, 692 F.2d 880,

886, 896 (2d Cir. 1982) (as the Defendant did here with respect to Rodriguez, "[d]irectors who willingly allow others to make major decisions affecting the future of the corporation wholly without supervision or oversight may not defend on their lack of knowledge, for that ignorance itself is a breach of fiduciary duty").

22. Even where certain board responsibilities have been permissibly delegated to other directors or a committee of directors, an individual corporate director cannot delegate away her duty of oversight of the corporation. 2 White, New York Business Entities P B712.03 (2018) (corporate directors owe a duty of supervision "irrespective of permissible delegations of policy-making duties to executive or other committees of the board") (*citing Kavanaugh v. Commonwealth Tr. Co.*, 64 Misc. 303, 315-16 (Sup. Ct. Sar. Cty. 1909), *rev'd on other grounds sub nom. Kavanaugh v. Gould*, 147 A.D. 281 (App. Div. 3d Dep't 1911)).

23. Here, as alleged with copious facts in the Amended Complaint, the Defendant breached her duties of good faith, care, loyalty and oversight of the Debtor. The Plaintiff alleges in the Amended Complaint that the Defendant was a director of the Debtor (Amended Complaint ¶ 20), and this is uncontested as a matter of fact and law.

24. In her role as a director, the Defendant owed the Debtor duties of good faith, care, loyalty and oversight.[3] *See Kavanaugh*, 64 Misc. at 312-313 ("Where trusted officers cause loss, the directors who trusted them, and therefore neglected to exercise the care a reasonably prudent man would exercise in his own affairs, cannot escape liability, if such care would have avoided or lessened the loss"); *Miller v. Schreyer*, 257 A.D.2d 358, 362 (App. Div. 1st Dep't 1999) ("In view

---

[3]As noted above in footnote 1, it is possible that the Debtor could be considered a closely held corporation under New York law. The corporation's board may not have been required to follow all of the formalities typically owed by a publicly traded corporation's board of directors. *See Koplik*, 476 B.R. at 800. However, the lack of needing to follow certain corporate formalities does nothing to absolve directors of their liability for breaching their fiduciary duties. *Id*. ("[E]ven if entitled to act with less corporate formality, officers are still required to act with due care in making decisions affecting the Debtor").

of the illegal purpose of the transactions, their magnitude and duration, their timing, and the identity of their beneficiary, the matter should have come to the attention of senior management even on a rudimentary audit") (applying Delaware law).

25.    The Defendant is alleged to have taken little or no action over a sustained period to monitor the activity of the business, the filing of tax returns, the keeping of books and records or the activity of Rodriguez pursuant to her fiduciary duties, including by establishing effective oversight measures. Amended Complaint ¶ 37, 39-40. Abdicating her role of oversight allowed material failures in the business including Rodriguez's unchecked, improper behavior over a substantial period. Amended Complaint ¶ 41, 43.

26.    Had the Defendant properly acted, individually, in her role as a director, Rodriguez's conduct would have been ameliorated sooner and other improvements could have been imposed, or other more positive actions taken. The Defendant had duties, at a minimum, of good faith, care, loyalty and oversight of the Debtor, and failed to exercise those duties, resulting in damages to the Debtor and its creditors.

## III.
## CONCLUSION

**WHEREFORE**, the Trustee respectfully seeks an Order of this Court (i) denying the relief sought in the Motion to Dismiss, and (ii) granting such other and further relief as is just and proper.

Dated: New York, New York
July 12, 2018

ARCHER & GREINER, P.C.

By: s/ Allen G. Kadish
Allen G. Kadish
Harrison H.D. Breakstone
630 Third Avenue
New York, New York 10017
Telephone: (212) 682-4940
Email: akadish@archerlaw.com
hbreakstone@archerlaw.com

*Special Litigation Counsel for*
*Robert L. Geltzer, Chapter 7 Trustee, Plaintiff*