WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Paige C. Spencer

*Counsel for Defendant Kathryn L. Bedke*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| MUNDO LATINO MARKET INC., | : | Case No. 16-11349 (SMB) |
| Debtor. | : | |
| ROBERT L. GELTZER, as Chapter 7 Trustee of Mundo Latino Market Inc., | : | Adversary Proceeding No. 18-01013 (SMB) |
| Plaintiff, | : | |
| v. | : | |
| KATHRYN L. BEDKE, | : | |
| Defendant. | : | |

**DEFENDANT KATHRYN L. BEDKE'S SUPPLEMENTAL BRIEF
IN SUPPORT OF HER MOTION TO DISMISS TRUSTEE'S AMENDED COMPLAINT**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1
     I.    MS. BEDKE HAD NO MANAGEMENT DUTIES AS A MAJORITY SHAREHOLDER ...................................................................................................2
     II.   MS. BEDKE HAD NO MANAGEMENT DUTIES AS VICE PRESIDENT ........3
     III.  MS. BEDKE HAD A RIGHT AS AN INDIVIDUAL DIRECTOR TO DELEGATE ...............................................................................................................4
CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ackerman v. Pilipiak (In re Marine Risks, Inc.)*, 441 B.R. 181 (E.D.N.Y. 2010) ........................... 6

*Blaustein v. Pan Am. Petroleum & Transp. Co.*, 31 N.Y.S.2d 934 (App. Div. 1st Dep't 1941) ............................................................................................................................ 2

*Cleary v. Higley*, 277 N.Y.S. 63 (Sup. Ct. N.Y. Cnty. 1934) ................................................... 2

*Farmers' Loan & Trust Co. v. New York & N.R. Co.*, 150 N.Y. 410 (1896) ............................ 3

*In re Davie*, 178 N.Y.S.2d 740 (Sup. Ct. N.Y. Cnty. 1958) ..................................................... 4

*In re Forest Labs, Inc. Derivative Litig.*, 450 F. Supp. 2d 379 (S.D.N.Y. 2006) ...................... 5

*In re ITT Corp. Derivative Litig.*, 653 F. Supp. 2d 453 (S.D.N.Y. 2009) .............................. 4, 5

*Kardwheel Corp. v. Karper,* 148 N.Y.S.2d 132 (Sup. Ct. N.Y. Cnty. 1956) ............................ 4

*Litwin v. Allen*, 25 N.Y.S.2d 667 (Sup. Ct. Spec. Term 1940) ................................................. 6

*Off. Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Investcorp. S.A.*, 137 F. Supp. 2d 502 (S.D.N.Y. 2001) ........................................................................................ 3

*Rossini v. Ogilvy & Mather, Inc.*, 80 F.R.D. 131 (S.D.N.Y. 1978) ........................................... 4

*Spizz v. Eluz (In re Ampal-American Isr. Corp.)*, 543 B.R. 464 (Bankr. S.D.N.Y. 2016) ............................................................................................................................... 5

*Warnecke v. Forty Wall St. Bldg., Inc.*, 169 N.Y.S.2d 150 (Sup. Ct. N.Y. Cnty. 1957) ........................................................................................................................... 3

### STATUTES AND RULES

Fed. R. Bankr. P. 7012 ............................................................................................................... 1

Fed. R. Civ. P. 12(b)(6)-(7) ........................................................................................................ 1

N.Y. BUS. CORP. LAW § 715(g) ................................................................................................. 4

N.Y. BUS. CORP. LAW § 717 ...................................................................................................... 4

### MISCELLANEOUS

WILLIAM MEADE FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS: vol. 2, § 627 pp. 774-76 (1954) ................................................................ 4

Per this Court's order, Defendant Kathryn L. Bedke ("Ms. Bedke" or "Defendant") submits this supplemental brief responding to questions posed by the Court, and in further support of her motion to dismiss the Amended Complaint ("Amended Complaint" or "Am. Compl.") of Plaintiff Robert L. Geltzer ("Trustee" or "Plaintiff"), Chapter 7 Trustee of Mundo Latino Market Inc. ("Mundo Latino"), under Bankr. Rule 7012 and Fed. R. Civ. P. 12(b)(6)-(7).

## PRELIMINARY STATEMENT

Having reviewed the initial motion to dismiss briefing, this Court posed three questions to the parties for supplemental briefing:

1. Whether the Defendant, in her capacity as majority shareholder, had any duties in connection with the management of the Debtor under New York law, and if so, what those duties were;

2. Whether the Defendant, in her capacity as vice president, had any duties in connection with the management of the Debtor under New York law, and if so, what those duties were; and

3. Whether the Defendant, in her capacity as an individual director, rather than as a member of the board of directors, had any duties in connection with the management of the Debtor under New York law, and if so, what those duties were.

[Dkt. 23, at 1-2.]

The Court's questions highlight the absence of any well-pled facts to support the existence of duties owed by Ms. Bedke, or the breach of any duties owed. Rather, the Amended Complaint is bare and conclusory. Indeed, it never distinguishes among Ms. Bedke's alleged roles, nor does it take account of Ms. Bedke's right, as a director and shareholder, to delegate authority and/or rely on Mundo Latino's President (Kathryn Holler ("Holler")) and day-to-day manager (Giovanni Rodriguez ("Rodriguez")). As such, the Amended Complaint pleads no facts that would support any claim that Ms. Bedke acted in bad faith, committed any affirmative wrongful acts, or otherwise breached the business judgment rule.

1

In response to the Court's questions, under New York law the Amended Complaint should be dismissed in its entirety because:

1. As a majority shareholder, Ms. Bedke would only have duties of care if there were facts showing that she acted to her own benefit <u>and</u> to the detriment of Mundo Latino. That is the opposite of the facts actually pled.

2. Ms. Bedke's only management duty as Vice President under New York law would have been to serve as President in the event of Holler's absence. There is no pleading of facts to support the existence of any other duty owed by Ms. Bedke as a Vice President.

3. Any management duties that Ms. Bedke, as an alleged director of Mundo Latino, may have had were, as a matter of law, duties that could be delegated. Once again, the Trustee has not pled <u>any</u> facts to overcome Ms. Bedke's power to delegate under the business judgment rule.

## ARGUMENT

### I. MS. BEDKE HAD NO MANAGEMENT DUTIES AS A MAJORITY SHAREHOLDER

Under long-standing New York law, a majority shareholder is not a fiduciary for other shareholders (or creditors) simply by virtue of owning stock. *See Blaustein v. Pan Am. Petroleum & Transp. Co.*, 31 N.Y.S.2d 934, 956-57 (App. Div. 1st Dep't 1941); *see also Cleary v. Higley*, 277 N.Y.S. 63, 76 (Sup. Ct. N.Y. Cnty. 1934) ("A majority stockholder does not become a fiduciary for other stockholders by reason merely of his ownership of stock."). Rather, a majority shareholder only will be treated as a fiduciary – and subject to legal claims –where the facts show that the majority shareholder exercises control over the subject corporation in a manner that results in an <u>advantage</u> to the majority shareholder and a <u>detriment</u> to the

2

corporation or minority shareholders. *See Farmers' Loan & Trust Co. v. New York & N.R. Co.*, 150 N.Y. 410, 425-26 (1896); *Warnecke v. Forty Wall St. Bldg., Inc.*, 169 N.Y.S.2d 150, 155 (Sup. Ct. N.Y. Cnty. 1957).[1]

The Trustee has not alleged any facts showing that Ms. Bedke exercised control over Mundo Latino or that she used that control to benefit herself while harming others. Thus, the Trustee has not pled a claim under which Ms. Bedke had any duties regarding the management of Mundo Latino in her capacity as a majority shareholder. Indeed, to the contrary, far from benefiting herself at the expense of Mundo Latino, the Amended Complaint demonstrates that Ms. Bedke wound up as badly as anyone, having lost her entire investment in Mundo Latino. Finally, it is worth noting that the Trustee has admitted that he is not relying on Ms. Bedke's role as a majority shareholder in asserting claims against her. (*See* Trustee's Obj. ¶ 30 (stating that Ms. Bedke's "role as a majority shareholder is not a requirement or element of any of the causes of action brought in the [A]mended [C]omplaint").) Accordingly, any claim premised on Ms. Bedke's role as majority shareholder should be dismissed.[2]

## II.   MS. BEDKE HAD NO MANAGEMENT DUTIES AS VICE PRESIDENT

Courts have consistently interpreted the New York Business Corporations Law as imposing upon a Vice President only the duty to act in the absence of the President, unless other duties are imposed by corporate by-laws. "A vice president of a New York business corporation,

---

[1] Some courts have suggested that a majority shareholder is, as such, a fiduciary with concomitant duties to the company. *See Off. Comm. Of the Unsecured Creditors of Color Tile, Inc. v. Investcorp. S.A.*, 137 F. Supp. 2d 502, 515 (S.D.N.Y. 2001) (discussing the semantics of majority shareholder duties in relation to Delaware law). However, at what point the term "fiduciary" applies to a majority shareholder is not the central question here. Rather, consistent with the cases cited above, for purposes of liability, the focus is on the point at which a majority shareholder acted to his or her own advantage and at the company's expense. *See id.* (noting that in each case in which a Delaware court referred to a controlling shareholder as having a duty of care, the "controlling shareholders breached their duty of loyalty by acting to benefit themselves to the detriment of the minority shareholders" (emphasis added).) As noted, no facts are pled to show that this ever happened here.

[2] Ms. Bedke's alleged role as majority shareholder is mentioned in Count I (breach of fiduciary duty) and Count III (negligence), even though the Amended Complaint admits that breach of fiduciary duty claims may only be asserted against officers or directors. (*See* Am. Compl. ¶¶ 50, 55, 80.)

3

as the name implies, functions in the event of absence, unavailability, or vacancy in the office of the president." *Rossini v. Ogilvy & Mather, Inc.*, 80 F.R.D. 131, 135 (S.D.N.Y. 1978) (citing N.Y. BUS. CORP. LAW § 715(g)); *see also In re Davie*, 178 N.Y.S.2d 740, 745 (Sup. Ct. N.Y. Cnty. 1958) ("*Prima facie* it would seem that the only function of a vice president is to replace the president in case of the latter's death, incapacity, etc. The title of vice president of a corporation indicates that the officer has <u>no function</u> to perform except in the case of the absence . . . of the president." (emphasis added) (quoting WILLIAM MEADE FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS: Vol. 2, § 627 pp. 774-76 (1954))); *cf. Kardwheel Corp. v. Karper,* 148 N.Y.S.2d 132, 134 (Sup. Ct. N.Y. Cnty. 1956) ("[A] vice president may generally act in the event the office of president is vacant . . . .").

The Trustee has not pled any by-law that would add to Ms. Bedke's duties. Indeed, <u>all</u> that is alleged is that Ms. Bedke was a Vice President of Mundo Latino. (Am. Compl. ¶ 22.) As such, there is no basis for assigning any management duties to Ms. Bedke by virtue of her being designated a Vice President, and each of the Trustee's claims in this regard should be dismissed.

### III.    MS. BEDKE HAD A RIGHT AS AN INDIVIDUAL DIRECTOR TO DELEGATE

Under the New York Business Corporations Law, a director must "perform [her] duties as a director . . . in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances." N.Y. BUS. CORP. LAW § 717. In performing those duties, a director "shall be entitled to rely on information" presented by "one or more officers or employees of the corporation . . . whom the director believes to be reliable and competent in the matters presented." *Id.* This right to delegate and to reasonably rely on that delegation is based on common sense. *See, e.g.*, *In re ITT Corp. Derivative Litig.*, 653 F. Supp. 2d 453, 463 (S.D.N.Y. 2009) ("[c]ourts have repeatedly held that a plaintiff must allege more

4

than that Directors should have known or must have known about matters relating to the corporation's core business" because directors "cannot be expected to be involved in or have knowledge of all aspects of [a company's] daily operations, even significant aspects of daily operation" (internal quotation marks and citations omitted)). Given a director's right to delegate and to rely on others, the New York business judgment rule insulates the actions of directors from judicial review absent "a showing of fraud or bad faith." *Spizz v. Eluz (In re Ampal-American Isr. Corp.)*, 543 B.R. 464, 475 (Bankr. S.D.N.Y. 2016) (citing *Auerbach v. Bennett*, 419 N.Y.S.2d 920 (N.Y. 1979)).

Here, Ms. Bedke was entitled, as an individual director of Mundo Latino, to rely on Holler – as President of Mundo Latino – to run the company, <u>and</u> also to rely on Rodriguez to manage Mundo Latino's day-to-day operations (including under Holler's supervision). The Trustee has no answer for this. Moreover, the Trustee has pled no facts to show that Ms. Bedke acted either in bad faith or to defraud anyone. As such, the Trustee has done nothing to overcome Ms. Bedke's right to delegate authority and to rely on both Holler and Rodriguez to manage Mundo Latino. *See, e.g.*, *In re Forest Labs, Inc. Derivative Litig.*, 450 F. Supp. 2d 379, 395 (S.D.N.Y. 2006) ("Plaintiffs have failed to plead with particularity what obvious danger signs were ignored or what additional measures the directors should have taken." (internal quotations and citation omitted) (collecting cases)); *ITT Corp.*, 653 F. Supp. 2d at 463 ("Without any particularized allegations regarding the individual Directors' conscious failure to fulfill their duties – what they did or did not do following receipt of the information – Plaintiffs cannot satisfy their burden.").[3] To the contrary, at most, the Trustee only is asserting that Ms. Bedke

---

[3] *Forest Labs* and *ITT Corp.* both arise in the context of derivatives litigation, and are therefore informative because pleading in that context focuses on director duties and requires a "showing that the directors breached their duty of loyalty by failing to attend to their duties in good faith." *Forest Labs*, 450 F. Supp. 2d at 395 (internal quotation marks and citations omitted).

5

was unreasonable in not supervising Rodriguez enough. But, this is not the New York law standard. Under the business judgment rule individual directors are not guarantors against bad management or business failure. Indeed, from a pleading perspective, it is implausible to claim any bad faith or fraud sufficient to overcome the business judgment rule, as Ms. Bedke had no incentive to allow the loss of over $1.3 million of her money or Rodriguez's default on a commercial lease that she guaranteed. Accordingly, the Amended Complaint does not support a claim that Ms. Bedke breached her responsibilities under New York law as an alleged director.[4]

## CONCLUSION

For the reasons stated above and in Defendant's previous briefing, the Trustee's Amended Complaint should be dismissed with prejudice and in its entirety.

Date: July 13, 2018

New York, New York

WHITE & CASE LLP

/s/ *Paige C. Spencer*
Paige C. Spencer
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: 212.819.8200
Fax: 212.354.8113
Email: paige.spencer@whitecase.com

*Counsel for Defendant Kathryn L. Bedke*

---

[4] Even assuming that Ms. Bedke could be held liable for her acts as a director under the facts pled – and she cannot – the Trustee has also failed to plead facts showing that any acts by Ms. Bedke (including as opposed to acts by Holler) actually caused any or all of Mundo Latino's losses. *See, e.g.*, *Litwin v. Allen*, 25 N.Y.S.2d 667, 701 (Sup. Ct. Spec. Term 1940) ("A director is not liable for loss or damage other than what was proximately caused by his own acts or omissions in breach of his duty."); *Ackerman v. Pilipiak (In re Marine Risks, Inc.)*, 441 B.R. 181, 200 (E.D.N.Y. 2010).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2018, a copy of the above and foregoing was filed electronically with the Clerk of Court using the Court's CMF/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system, and via U.S. Mail to the following:

Allen G. Kadish
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Phone:  212.682.4940
Fax:  212.682.4942
Email:  akadish@archerlaw.com

                                      /s/ *Paige C. Spencer*

                                      WHITE & CASE LLP
                                      1221 Avenue of the Americas
                                      New York, NY 10020