UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

\-------------------------------------------------------X

In re:                                        :
                                              :        Chapter 7
MUNDO LATINO MARKET INC.                      :
                                              :        Case No. 16-11349 (SMB)
                         Debtor.              :

\-------------------------------------------------------X
                                              :
ROBERT L. GELTZER, chapter 7 trustee,         :
                                              :
                                              :
            Plaintiff,                        :
                                              :        Adv. Pro. No. 18-01013 (SMB)
          – against –                         :
                                              :
KATHRYN L. BEDKE,                             :
                                              :
                     Defendant.               :

\-------------------------------------------------------X

## MEMORANDUM DECISION GRANTING IN PART
## AND DENYING IN PART MOTION TO DISMISS

**A P P E A R A N C E S :**

ARCHER & GREINER, P.C.
630 Third Avenue, 7th Floor
New York, NY 10017

      Allen G. Kadish, Esq.
        Of Counsel

*Attorneys for Plaintiff Robert L. Geltzer*

WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10028

      Paige C. Spencer, Esq.
        Of Counsel

*Attorneys for Defendant Kathryn L. Bedke*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

On April 10, 2018, Robert L. Geltzer, the chapter 7 trustee (the "Trustee") of

Mundo Latino Market Inc. ("Mundo Latino" or the "Debtor"), filed the *Amended*

*Complaint*, dated Apr. 10, 2018 ("*Amended Complaint*") (ECF Doc. # 11), seeking to

hold Defendant Kathryn L. Bedke ("Bedke") liable for breach of fiduciary duty,

corporate waste and negligence in her roles as majority shareholder, director and officer

of the Debtor.  Bedke moves to dismiss the *Amended Complaint* on two grounds: she is

protected by the business judgment rule, and the Trustee failed to join certain necessary

parties.  (*See Motion to Dismiss the Chapter 7 Trustee's Amended Complaint*, dated

Apr. 24, 2018 ("*Motion*") (ECF Doc. # 14), and accompanying *Defendant Kathryn L.*

*Bedke's Memorandum of Law in Support of her Motion to Dismiss Trustee's Amended*

*Complaint*, dated Apr. 25, 2018 ("*Bedke Memorandum*") (ECF Doc. # 16).)  The Trustee

opposes the *Motion*, asserting that the business judgment rule does not apply to a

corporate fiduciary's wholesale failure to oversee the activities of the corporation.  (*See*

*Trustee's Objection to Defendant's Motion to Dismiss*, dated May 29, 2018 ("*Trustee*

*Objection*") (ECF Doc. # 18).)  For the reasons that follow, the *Motion* is granted in part

and denied in part.

## BACKGROUND

### A.    The *Amended Complaint*

The facts are derived from the well-pleaded allegations in the *Amended*

*Complaint*.  Mundo Latino is a New York corporation that operated a retail food and

household supply market at 590 West 174th Street in Manhattan.  (¶¶ 13, 14.)[1]  Bedke owned 70% of the shares of Mundo Latino, was a vice president and served as a director. (¶¶ 20, 25.)  Kathryn N. Holler ("Holler") owned the remaining 30% of Mundo Latino's shares and was its president, treasurer and also served as a director.  (¶¶ 21, 22, 25.) Bedke invested over $1 million to capitalize and maintain Mundo Latino, and Holler invested over $100,000.  (¶¶ 23, 24.)

Bedke had a full-time job elsewhere, and did not operate the Debtor's business or locate herself at its premises.  (¶¶ 35, 36.)  Instead, in late 2013 or early 2014, she caused Giovanni Rodriguez ("Rodriguez") to start and operate Mundo Latino on her behalf.  (¶ 30.)  Bedke authorized Rodriguez to, among other things: (i) oversee the initial build-out and make improvements to the store, (ii) outfit the store for operation as a retail market, including with shelving, machinery and computer equipment, (iii) purchase inventory, including food and household items, (iv) hire, train and supervise workers and (v) conduct daily operations.  (¶ 31.)  Rodriguez conducted the build-out, acquired machinery and equipment, opened bank accounts, credit card and vendor accounts, hired employees, retained professionals and registered with the state.  (¶ 33.)

In late 2014 or early 2015, Mundo Latino opened for business.  (¶ 34.)  It lost money for the entire period of its operation, (¶ 42), primarily due to Rodriguez's mismanagement and bad acts.  The gravamen of the *Amended Complaint* is that Bedke breached her fiduciary duty of due care by failing to supervise Rodriguez, and more

---

[1]        "(¶ _)" refers to the paragraphs in the *Amended Complaint*.

generally, the operations of the Debtor.  In the first category,[2] the *Amended Complaint* asserts that Bedke failed to supervise or oversee Rodriguez in connection with placing and receiving merchandise orders, making vendor payments, signing checks without signatory authority, making payroll payments, abandoning an ADP payroll system in favor of an informal payroll system, making payroll payments "off the books," and borrowing money to fund the Debtor's operations or fund the Debtor, from Bedke or other parties, without interest or expectation of repayment.  (¶¶ 40-41.)  In addition, Bedke permitted Rodriguez to use the Debtor's funds or funds that were "intended for use by the Debtor in the market," to buy for himself various accessories and electronics, including an Apple laptop, and to borrow money from third parties in the name of the Debtor to support the Debtor's operations "and/or" for other non-Debtor-related uses.  (¶¶ 41, 65.)  Finally, Bedke did not require Rodriguez to repay timely personal loans or interest owed to the Debtor.  (¶ 66.)

In the second category, the *Amended Complaint* charges that the Debtor "purchased and possessed a computer system consisting of point-of-service record-keeping cash registers and a networked computer system (collectively, the "System") that was capable of maintaining and providing purchasing and sales activities and substantially all other record keeping necessary to operate the business," which Bedke should have used to monitor the Debtor's reports on purchasing, sales, expenses, payroll and sales tax activity, but she failed to do so.  (¶ 39.)  Bedke failed to install or achieve the installation of the System, and failed to see that Rodriguez used any system to

---

[2]    The Court has attempted to categorize the Trustee's allegations, some of which are more specific than others, but this is solely for the purpose of exposition.  There is obviously an overlap.

"maintain books and records and business activity of the Debtor." (¶ 40.) In addition, she failed to assert control over, supervise and oversee the Debtor's books and records as well as its day-to-day activities and operations, payroll activities, tax activities and the payment of rent and compliance with the Debtor's lease. (¶ 41; *see* ¶ 59.) Finally, Bedke "failed to assure that the Debtor had proper budget and fiscal controls," (¶ 60), "failed to maintain and ensure that the Debtor maintained proper books and records," (¶ 61), "mismanaged the Debtor's finances and caused the Debtor to operate in a status of insolvency," (¶ 62), "failed to oversee the Debtor's employees and agents," (¶ 63), "enabled the Debtor to be subject to theft and mismanagement by employees and agents," (¶ 64), "failed to capitalize the Debtor adequately in respect of construction and outfitting costs and failed to take, or delayed taking, actions to secure additional funding, or reduce or manage other expenses resulting in damages to the Debtor and its creditors," (¶ 67), "failed to ensure that the Debtor complied with applicable laws and regulations," (¶ 68) and "neglected, or failed to perform, her duties with respect to management and disposition of the corporate assets in her charge as set forth herein." (¶ 69.)

Based on this litany of wrongdoing, the Trustee contends that Bedke is liable for (1) $1,139,728.89 which represents the sum of the filed claims[3] and (2) the unpaid administrative expenses in the case based on theories of breach of fiduciary duty as a

---

[3]     Approximately half of the "allowed claims," *see* 11 U.S.C. § 502(a), in the case, $578,000, were filed by Rodriguez. It does not appear that the Trustee has sought to disallow or equitably subordinate any of Rodriguez's claims despite the allegations of his wrongdoing alleged in the *Amended Complaint*.

shareholder, officer and director (First Claim for Relief), corporate waste (Second Claim for Relief) and negligence (Third Claim for Relief).

## B.    The *Motion*

Bedke has moved to dismiss the *Amended Complaint* pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure ("Federal Rule"), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule").  She asserts that the *Amended Complaint* is fatally flawed for several reasons.  First, the claims for breach of fiduciary duty, corporate waste and negligence cannot survive the protections of the business judgment rule.  (*Bedke Memorandum* at 8-12.)  To the extent the Trustee's negligence claim is based on Bedke's status as majority shareholder, that claim must be dismissed because the Trustee has not alleged that she acted for her benefit and to the detriment of Mundo Latino, and a majority shareholder generally is not a fiduciary for other shareholders.  (*Id.* at 12-13.)  Finally, the Trustee's failure to join Holler and Rodriguez as necessary parties violates Federal Rule 12(b)(7).  (*Bedke Memorandum* at 14-16.)

The Trustee responds that the business judgment rule does not protect Bedke's wholesale failure to act, monitor or perform her managerial functions, (*Trustee Objection* at 5-8), and furthermore, does not shelter her from responsibility for breaches of her fiduciary duty.  (*Id.* at 6.)[4]

---

[4]      At oral argument, the Court questioned whether the Debtor's certificate of incorporation included a provision authorized by section 402(a) of New York's Business Corporation Law to limit Bedke's liability as a director based upon a breach of the duty of due care.  Following oral argument, Bedke's counsel produced Mundo Latino's certificate of incorporation.  It did not include the protections authorized by section 402(a).  Counsel for both sides also included additional briefing on the issue of director liability. (*See Letter to Judge Bernstein from Paige C. Spencer enclosing the Certificate of Incorporation for Mundo Latino Market, Inc.*, dated June 11, 2018 (ECF Doc. # 21); *Letter to Judge Bernstein re Certificate*

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556. The court must assume the veracity of all "well-pleaded factual allegations," and determine whether, together, they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

### A.    First Claim for Relief

### 1.    Shareholder and Vice President

The First Claim for Relief alleges that Bedke breached her fiduciary duties as the majority shareholder, vice president and director of the Debtor by failing to properly supervise Rodriguez and the operation of the Debtor's business. "Under New York law, '[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct.'" *In re Perry H. Koplik & Sons, Inc.*, 499 B.R. 276, 289 (S.D.N.Y. 2013) (quoting *Rut v. Young Adult Inst., Inc.*, 901 N.Y.S.2d 715, 717 (N.Y. App. Div. 2010) (citation omitted)), *aff'd*, 567 F. App'x 43 (2d Cir. 2014).

---

*of Incorporation*, dated June 12, 2018 (ECF Doc. # 22).) Although the Court requested supplemental briefing on specific issues, it did not request the briefing in the letters and will ignore them.

The breach of fiduciary claim directed at Bedke in her status as a shareholder fails as a matter of law. Although a majority shareholder owes a fiduciary duty to the minority shareholders, such as in a merger, *see Alpert v. 28 Williams St. Corp.*, 473 N.E.2d 19, 25 (N.Y. 1984), a majority shareholder, *qua* shareholder, does not owe any duty to manage the corporation, and hence, breaches no duty by not managing the corporation.[5] The claim is, therefore, dismissed.

The breach of fiduciary duty claim directed at Bedke in her capacity as vice president also fails as a matter of law. Under New York law, corporate officers owe fiduciary duties of due care, good faith and loyalty. *Perry H. Koplik*, 499 B.R. at 289; *see* N.Y. BUS. CORP. LAW § 715(h) ("An officer shall perform his duties as an officer in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances."). A vice president, however, has no specific duties, and only "functions in the event of absence, unavailability or vacancy in the office of the president. As between such officer and the corporation, a vice president has only such authority or agency as may be provided in the corporate by-laws, or to the extent not so provided, by the board of directors." *Rossini v. Ogilvy & Mather, Inc.*, 80 F.R.D. 131, 135 (S.D.N.Y. 1978); *see* 2A WILLIAM MEADE FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 627, at 774-76 (1954) ("FLETCHER") ("[T]he vice-president of a corporation generally has no authority merely by virtue of

---

[5]    *Alpert* includes language stating that the power to manage the affairs of the corporation is vested in the directors and majority shareholders, and as such, they occupy the fiduciary role of "guardians of the corporate welfare." 473 NE.2d at 25 (quoting *Leibert v. Clapp*, 196 N.E.2d 540, 542 (N.Y. 1963)). However, *Alpert* concerned the breach of duty by a majority shareholder to the minority shareholders. Furthermore, the Trustee does not allege that Bedke used her position as a majority shareholder to take advantage of the corporation.

that office to bind the corporation by contracts, or to dispose of its property, because the vice-president as such has no implied powers and can bind the corporation only if authority has been properly conferred by bylaws or action of the board of directors.") (footnotes omitted).

The *Amended Complaint* does not identify the source of Bedke's duty as a vice president of the Debtor, such as by-laws or board resolutions, to supervise Rodriguez or manage the Debtor. It necessarily follows that the *Amended Complaint* fails to allege that Bedke breached a fiduciary duty in her capacity as vice president to supervise Rodriguez or manage the Debtor, and that claim is also dismissed.

### 2.   Director

A director of a New York corporation also owes fiduciary duties of good faith, due care and loyalty to the corporation. *See Perry H. Koplik*, 499 B.R. at 289; *see* N.Y. BUS. CORP. LAW § 717(a) ("A director shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances."). However, the business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Auerbach v. Bennett*, 393 N.E.2d 994, 1000 (N.Y. 1979). To survive a motion to dismiss, a complaint charging that a corporate officer or director breached her fiduciary duty must "plead around" the business judgment rule, *Spizz v. Eluz* (*In re Ampal-American Israel Corp.*), 543 B.R. 464, 481 (Bankr. S.D.N.Y. 2016), and allege that the officer or director acted fraudulently or in bad faith, *Stern v. Gen. Elec. Co.*, 924 F.2d

472, 476 (2d Cir. 1991); *Lippe v. Bairnco Corp.*, 230 B.R. 906, 916–17 (S.D.N.Y. 1999);

*Kittay v. Atlantic Bank of New York* (*In re Global Serv. Grp., LLC*), 316 B.R. 451, 461

(Bankr. S.D.N.Y. 2004); lacked disinterested independence, *Patrick v. Allen*, 355 F.

Supp. 2d 704, 711 (S.D.N.Y. 2005), or closed their eyes to the corporation's affairs and

completely failed to act. *RSL Commc'ns PLC v. Bildirici*, 649 F. Supp. 2d 184, 199

(S.D.N.Y. 2009) ("Nor does the business judgment rule protect directors in 'omission'

cases where an injury results from the inaction of a director.") (internal quotation marks

omitted), *aff'd*, 412 F. App'x 337 (2d Cir. 2011), *cert. denied*, 565 U.S. 816 (2011); s*ee*

*Geltzer v. Altman* (*In re 1st Rochdale Coop. Group, Ltd.*), No. 07 Civ. 7852(DC), 2008

WL 170410, at *2 (S.D.N.Y. Jan. 17, 2008) (denying motion to dismiss count which

alleged that the officers and directors "ignored or failed to consider material

information, failed to exercise due care and reasonable diligence, failed to conduct a

reasonable investigation, and made decisions that were not reasonably informed.").

    The allegations in the *Amended Complaint* fall into the third category.  Ordinary

care on the part of directors requires reasonable oversight and supervision, and

directors may be liable for their failure to adequately supervise a corporation's officers

or other employees.  3A FLETCHER § 1070.  As one New York court explained:

> It is the duty of directors of a corporation to know what is transpiring in
> the business of the concern; they cannot close their eyes to what is going
> on around them; they must exercise ordinary diligence and skill in
> ascertaining the condition of the corporate business *and in the control and
> supervision of its officers*.  While they are not liable for mere errors of
> judgment, when acting in good faith, the law will hold them accountable
> for that which they reasonably should have known or discovered in the
> discharge of their duties.

*Manheim Dairy Co. v. Little Falls Nat'l Bank*, 54 N.Y.S.2d 345, 365 (Sup. Ct. 1945)

(emphasis added); *accord Platt Corp. v. Platt*, 249 N.Y.S.2d 1, 6 (N.Y. Sup. Ct. 1964) ("It

is the obvious duty of directors to know what is transpiring in the business affairs of
their corporation.  They cannot assume the responsibilities of their fiduciary position,
then simply close their eyes to what is going on around them and thereby avoid the
consequences by the mere failure to act.  While corporate directors are not liable for
errors of judgment, nevertheless, the law holds them accountable for that which they
reasonably should have known or discovered in the discharge of their duties."), *aff'd*,
258 N.Y.S.2d 629 (N.Y. App. Div. 1965), *rev'd on other grounds*, 217 N.E.2d 134 (N.Y.
1966); *cf. Hanson Tr. PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 274-75 (2d Cir.
1986) ("Directors may be liable to shareholders for failing reasonably to obtain material
information or to make a reasonable inquiry into material matters.").

It must be emphasized, however, that a director is not an insurer of the honesty
of the corporation's employees or the success of its business:

> Directors are not obliged to investigate every minor detail of the business
> in order to see that the officers and agents are properly performing their
> duties.  To be held liable, directors must have had some knowledge of the
> misconduct or have been negligent in failing to exercise reasonable
> diligence.  Directors are justified in delegating the conduct of the main
> business to officers and subordinates and, in the absence of grounds for
> distrust, may assume that such persons will be upright in the performance
> of their duties.

3A FLETCHER § 1070 (footnotes and citations omitted); *see Arthur v. Griswold*, 55 N.Y.
400, 406 (1874) ("The mere fact of being a director and stockholder is not *per se*
sufficient to hold a party liable for the frauds and misrepresentations of the active
managers of a corporation.  Some knowledge of and participation in the act claimed to
be fraudulent must be brought home to the person charged."); *People v. Equitable Life
Assurance Soc'y*, 109 N.Y.S. 453, 467 (N.Y. App. Div. 1908) ("[E]ach director is only
liable for his own acts or omissions, and that one is not liable for the acts or omissions of

another unless he participated therein to the injury of the corporation, or had some

knowledge by which, in the exercise of reasonable care, he could have prevented the

loss, or connived at it, or failed to perform his duty of exercising the authority he

possessed to prevent losses which should, in the exercise of reasonable care and skill,

have been foreseen and guarded against.").

The Trustee contends that Rodriquez was a dishonest employee who mismanaged

the Debtor, and Bedke's failure to monitor his activities or the operations of the Debtor

led to the Debtor's demise rendering Bedke liable for all of its unpaid debts.  The Trustee

does not challenge the decision to hire Rodriguez to run the Debtor's business, and

many of Trustee's complaints relate to that decision.  For instance, he complains that

Bedke permitted Rodriguez to place and receive merchandise orders, make vendor and

payroll payments and sign checks.  Delegating responsibility for the day-to-day

operations of the Debtor's business to Rodriguez seems to be the type of decision

protected by the business judgment rule.  Furthermore, the *Amended Complaint* does

not allege that Bedke knew or had reason to know that Rodriguez was dishonest or

incompetent.

Nevertheless, the thrust of the *Amended Complaint* is that Bedke closed her eyes

to the Debtor's affairs and failed to take reasonable steps to inform herself about

Rodriguez's activities and the Debtor's operations.  The *Amended Complaint* alleges that

Bedke purchased but failed to implement the System, (¶¶ 39-40), which may have

detected Rodriguez's bad acts and mismanagement, including his failure to perform

certain business functions, (¶¶ 40-41), and his theft and misuse of the Debtor's property.

(¶ 64.)  Accepting these allegations as true, the Court can draw a reasonable inference

that Bedke's alleged inattention gives rise to liability for failure to supervise and oversee

Rodriguez, and renders her liable, at least for Rodriguez's dishonest acts, theft and

misuse of Debtor property.

The Trustee may have a more difficult time proving that Bedke is liable for all of

the Debtor's unpaid debts:

> Any action seeking recover [sic] for losses would logically entail a judicial
> determination of proximate cause, since, for reasons that I take to be
> obvious, it could never be assumed that an adequate information system
> would be a system that would prevent all losses.

*In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 970 n. 27 (Del. Ch. 1996).  I

am not, however, concerned with the Trustee's ability to prove his case at this stage.

The *Amended Complaint* states a claim that Bedke breached her duty of care in her

capacity as director, and the motion to dismiss the First Claim for Relief is denied to

that extent.

**B.    Second Claim for Relief**

The Second Claim for Relief asserts that Bedke wasted Mundo Latino's corporate

assets through her "acts and omissions."  (¶ 76.)  In New York, "[t]he essence of waste is

the diversion of corporate assets for improper or unnecessary purposes."  *Stern v. Gen.

Elec. Co.*, 837 F. Supp. 72, 76 (S.D.N.Y. 1993), *aff'd*, 23 F.3d 746 (2d Cir.), *cert. denied*,

513 U.S. 916 (1994); *see also Aronoff v. Albanese*, 446 N.Y.S.2d 368, 370 (N.Y. App. Div.

1982).  "Corporate waste occurs when assets are used in a manner 'so far opposed to the

true interests [of the corporation so] as to lead to the clear inference that no one thus

acting could have been influenced by any honest desire to secure such interests.'"

*Patrick*, 355 F. Supp. 2d at 715 (quoting *Meredith v. Camp Hill Estates, Inc.*, 430

13

N.Y.S.2d 383, 385 (N.Y. App. Div. 1980)).  The Second Claim for Relief fails to state a

claim for corporate waste because the *Amended Complaint* does not allege that Bedke

diverted or used corporate assets, let alone that she did so for an improper or

unnecessary purpose.  Accordingly, the Second Claim for Relief is dismissed.

**C.    Third Claim for Relief**

The Third Claim for Relief asserts that "[b]y virtue of her negligence as stated

herein, Bedke failed in the exercise of her functions and duties" as majority shareholder,

vice president and director.  (¶ 80.)  To state a claim for negligence under New York law,

a "plaintiff must allege '(1) that the defendant owed him or her a cognizable duty of care;

(2) that the defendant breached that duty; and (3) that the plaintiff suffered damage as a

proximate result of that breach.'"  *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 280

(S.D.N.Y. 2014) (quoting *In re MF Glob. Holdings Ltd. Inv. Litig.*, 998 F. Supp. 2d 157,

185 (S.D.N.Y. 2014)), *aff'd sub nom. In re MF Glob. Holdings Ltd. Inv. Litig.* (*DeAngelis

v. Corzine*), 611 F. App'x 34 (2d Cir. 2015)).

The Third Claim sounding in negligence is duplicative of the First Claim for

breach of fiduciary duty.  It relies on the same facts, the same elements (duty of care,

breach and damages) and seeks the same relief.  Accordingly, it is dismissed.  *Cf. Weil,

Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 780 N.Y.S.2d 593, 596

(N.Y. App. Div. 2004) ("As to the claim for breach of fiduciary duty, we have

consistently held that such a claim, premised on the same facts and seeking the identical

relief sought in the legal malpractice cause of action, is redundant and should be

dismissed.").

### D.    Joinder

Bedke also moves to dismiss the *Amended Complaint* under Federal Rule 12(b)(7) for failure to join Holler and Rodriguez under Federal Rule 19. (*Bedke Memorandum* at 14-16.) Bedke contends that Holler had "broader authority over the operations of the business and over Rodriguez than did Ms. Bedke," and a judgment rendered against Bedke in Holler's absence would not accord complete relief between the parties. (*Id.* at 15.) Bedke also maintains that Rodriguez's misconduct in managing Mundo Latino constitutes the predominant basis for the Trustee's claims. (*Id.* at 16.) She contends they "are integral to the adjudication of the claims asserted." (*Id.* at 14.)

Federal Rule 19, made applicable to this adversary proceeding by Bankruptcy Rule 7019, governs the joinder of "required" parties.[6] The first question is whether the Court can accord "complete relief" in the absence of the unjoined party. 4 MOORE'S FEDERAL PRACTICE: Civil § 19.03 [a] (3d ed. 2018). "The term complete relief refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Arkwright–Boston Mfrs. Mut. Ins. Co. v. City*

---

[6]    Rule 19 provides, in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

(1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*of New York*, 762 F.2d 205, 209 (2d Cir. 1985) (internal quotation marks and citation omitted).

Holler and Rodriguez are not required parties under Federal Rule 19(a)(1)(A) because the Court can accord complete relief in their absence. The liability of a director for breach of fiduciary duty under section 720 of the Business Corporation Law is joint and several, and a plaintiff may proceed against one or more directors without joining all of them. *See Wedtech Corp. v. Denlinger* (*In re Wedtech Corp.*), 121 B.R. 286, 292 (Bankr. S.D.N.Y. 1990) (citing *Gerdes v. Reynolds*, 28 N.Y.S.2d 622, 661 (N.Y. Sup. Ct. 1941) ("[T]he liability of [knowing] participants in breaches of trust [under Section 720's predecessor statute] is joint and several [and] each is treated as if he were the recipient of the entire sum of the liability of all the participants.")). Here, the Trustee can obtain complete relief by recovering a money judgment against Bedke for her wrongful acts, without regard to Rodriguez and Holler. *See Rose v. Simms*, No. 95 CIV. 1466 (LMM), 1995 WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995).[7]

Nor has Bedke identified any interest that either Holler or Rodriguez claim in the subject matter of this action. While Bedke may argue that their misconduct was the sole

---

[7]    Quoting *Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761, 764 (N.D. Ill. 1985), Bedke maintains that "[d]irectors have been found indispensable where, as here, the complaint alleges that they themselves have committed a tort or similar wrongdoing and relief is sought from the directors personally." (*Defendant Kathryn L. Bedke's Reply Memorandum of Law in Further Support of Her Motion to Dismiss* at 6, dated June 1, 2018 (ECF Doc. #20) (internal quotation marks omitted.) Bedke omits the portion of the quote that explains the rationale. The directors are indispensable in that situation according to the *Duman* court because "*plaintiff obviously cannot get relief from directors personally unless they are parties*." *Duman*, 107 F.R.D. at 764 (emphasis added). The Trustee is not seeking relief against Holler or Rodriguez.

or proximate cause of the injuries alleged by the Trustee, and they may be witnesses, a judgment in favor of or against Bedke will not affect their rights.

Accordingly, the motion to dismiss the First Claim for Relief is denied to the extent it asserts that Bedke breached her fiduciary duty in her capacity as director of the Debtor, and is otherwise granted.  The Trustee is directed to settle an order on notice, and contact chambers to schedule a pre-trial conference.  The Court has considered the parties' other arguments not specifically addressed in this decision, and concludes that they either are mooted by the decision or lack merit.

Dated:   New York, New York
              August 16, 2018

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge